Fuchsberg, J.
We are here presented with the question of *152 whether a Judge, in accepting a plea of guilty to a class E felony, where defendant has been charged with a class D felony, must warn the defendant that the law under which he has been charged is ambiguous and might support only a misdemeanor charge.
Defendant was arrested for carrying a gun and ammunition while working at his job in the post office at Kennedy Airport. An informer’s tip led police to defendant; spotting a bulge in his clothing, they removed the gun from his person, and a further search revealed the ammunition. In court, defendant did not deny any of these facts. He made no motion to dismiss the indictment nor any other protest. He had counsel.
The law under which he was charged makes possession of a gun and ammunition a class D felony unless the possession occurs in "such person’s home or place of business”, in which case the offense is categorized as a misdemeanor. (Penal Law, § 265.05, subd 2, renumbered § 265.02, subd 4 by L 1974, ch 1041.) The term "place of business” had not at the time been definitively interpreted, but some lower court cases had held that it applies to such small business proprietors as taxi drivers who are responsible for the safety of their vehicles. (People v Santana, 77 Misc 2d 414; People v Anderson, 74 Misc 2d 415; People v Santiago, 74 Misc 2d 10.)
Nevertheless, defendant urged, for the first time on appeal, that the Judge had an absolute duty to warn him that he might qualify for the misdemeanor category before accepting his plea to the class E felony of attempted possession, which resulted in a six-month sentence. We do not agree.
In delineating our reasons, however, it is first necessary to state that we do not today decide the question of whether the place of business exception should apply to one in defendant’s position. The Appellate Division, in affirming defendant’s conviction, held that it did not. The two Judges who dissented did so on that issue. The majority, in its discretion, also reduced the defendant’s sentence to time already served. We affirm the order, but not for the reasons stated in either opinion.
We focus, rather, on defendant’s allegation that the Judge who accepted his plea was under a duty to inquire as to whether defendant knew that the law might be capable of an interpretation more favorable to him than his plea was, for, if defendant is incorrect in that assertion, then his plea was *153 voluntary and fair, and we may not review it. (See McMann v Richardson, 397 US 759, 766; Brady v United States, 397 US 742, 748; Boykin v Alabama, 395 US 238, 242-243; Tollet v Henderson, 411 US 258, 267; People v Lynn, 28 NY2d 196, 201-202; People v Nicholson, 11 NY2d 1067, cert den 371 US 929; People v Schiskey, 39 AD2d 608.)
In doing so, we are well aware that the acceptance of pleas is an area fraught with difficult problems and that a simplistic reliance on the presence of counsel is not a sufficient solution. (See, particularly, People v Nixon, 21 NY2d 338, cert den sub nom. Robinson v New York, 393 US 1067; see, also, American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty, Feb., 1968, especially §§ 1.5-1.7; Rule 11, Federal Rules of Criminal Procedure; Note, The Guilty Plea as a Waiver of "Present but Unknowable” Constitutional Rights: The Aftermath of the Brady Trilogy, 74 Col L Rev 1435.)
Through all of the considerations of the court’s role in accepting pleas of guilty, both in the commentaries and in our own case law, however, there runs a thread of principle which may be used for guidance. And though the situations presented by various defendants’ cases have differed, we find that the principle involved remains constant. Simply put, we have held that the duty of a Judge who accepts a plea is to be conditioned by the circumstances of the specific case; it is not an absolute duty. (People v Nixon, 21 NY2d 338, 353-355, supra.)
Among the circumstances which might alert a Judge to the fact that the defendant’s plea is inappropriate are the following:
Evidence of a dispute on the facts. In People v Serrano (15 NY2d 304), after the prosecutor stated his version of the facts, defendant gave a version which, if true, cast considerable doubt on the presence of sufficient intent to support a conviction for murder in the second degree. A plea to manslaughter might have been more appropriate. The Judge, having decided that he did not find defendant’s version credible, let him plead to the murder count. We reversed, holding that the Judge had sufficient notice as to the existence of possible unfairness so that he ought to have inquired further. We also held that if, upon warning and further inquiry, the defendant still wished to avail himself of the offered plea, the court could accept it. (See, also, North Carolina v Alford, 400 US 25.) In the present *154 case, the defendant did not dispute the facts as presented by the prosecution.
Evidence of an incorrect charge on the face of the indictment. In People v Englese (7 NY2d 83), defendant was indicted for a felony. The underlying facts specified in the indictment clearly did not support more than a misdemeanor. We deemed the inconsistency sufficient notice to the court that possible unfairness existed so that further inquiry was warranted. In the present case, the indictment for felonious possession specified only appropriate and supportive facts; it did not state that he had committed the crime in a "place of business”.
Evidence of inadequate representation by counsel. In People v Nixon (21 NY2d 338, supra), four separate defendants’ cases were considered by our court. We reversed one, that of defendant Lang, noting, among other things, that he had been convicted in a crowded city court where defendants’ opportunities to consult with their assigned counsel were notoriously scanty; Lang himself presented particular evidence of such a problem. We need not even tarry to comment on the obvious warning signs the court receives when defendant has no counsel. (People v Gina M. M., 37 NY2d 880; People v Seaton, 19 NY2d 404.) Except insofar as his counsel did not call the ambiguity to the court’s attention, the defendant in the present case does not allege that he received inadequate representation, nor were there any circumstances which would suggest such a conclusion.
What is common to all of these examples is the fact that, in each case, something—whether it was defendant’s testimony, inconsistencies in the indictment, or counsel’s objections— called the courts’ attention to a problem which would not otherwise have been apparent. It does no violence to our concept of plea bargaining as a serious and difficult matter to hold that Judges are not expected to be omniscient. Indeed, as we pointed out in People v Nixon (supra) there is no requirement that the Judge conduct a pro forma inquisition in each case on the off-chance that a defendant who is adequately represented by counsel and who admits the underlying facts may nevertheless not know what he is doing. Something must trigger the inquiry.
We do not find a potential ambiguity in the law, under the circumstances here, sufficient to trigger such an inquiry. For one thing, it is precisely the sort of objection which the court *155 has a right to expect counsel to make. Also, it is not analogous to those cases cited above in which well-settled law was misapplied to the facts. And the question of whether the exception for places of business does or does not apply to defendant, which we do not reach, is a very different question from one which asks whether the Judge properly exercised his discretion in taking the plea. If the law could conscientiously be read as diversely as the sharp division of opinion among the Judges of the Appellate Division in this very case demonstrates, we do not see how it can be said that the Judge should have concluded from a reading of the statute itself that Francis was entitled to a misdemeanor charge. As we have already suggested, in such matters, except when they have to be obvious to the sentencing Judge, he does not proceed at peril simply because the matter is not brought to judicial attention until after a disappointing sentence, often because a defendant with the aid of counsel has himself read the statute as the Judge did, or has himself considered a contrary interpretation and discounted it as untenable, or has weighed it in the balance before deciding to plead.
Finally, we must address defendant’s contention that, regardless of the court’s duty, he has in fact pleaded to a crime which does not exist after being charged with one which also does not exist, assuming arguendo that the misdemeanor exception is applicable to him. We do not need to decide what the statute means in order to point out that a plea may be to a hypothetical crime (People v Foster, 19 NY2d 150), or to a crime for which the facts alleged to underlie the original charge would not be appropriate (People v Clairborne, 29 NY2d 950; People v Griffin, 7 NY2d 511; cf. People v Selikoff, 35 NY2d 227, 235, cert den 419 US 1122).
A plea is a bargain struck by a defendant and a prosecutor who may both be in doubt about the outcome of a trial. (People v Nixon, 21 NY2d 338, supra; People v Foster, 19 NY2d 150, supra; People v Serrano, 15 NY2d 304, supra.) Only the events of time, place, and, if applicable, victim, need be the same for the crime pleaded as for the one charged (People v Griffin, 7 NY2d 511, 515, supra). In arriving at his bargaining position, a defendant may well calculate not only uncertainties in how a court may view the facts in his case but how it may view the applicability of law as well. On such matters, Judges themselves may often be expected to differ with one another, a factor to which the parties to plea bargaining need *156 not be taken to be oblivious. Where the court which accepts the plea has no reason to believe that the plea is unfair or inappropriate, the bargain becomes final. Unless there was unfairness in its negotiation or acceptance, the fact that a loophole might have been available to defendant is not sufficient grounds upon which to set aside the bargain made. The defendant here has not been shown to have been victimized by inherent unfairness, nor is it evident that the court should have perceived any.
Accordingly, and on the grounds that we have stated, the order of the Appellate Division should be affirmed.
Chief Judge Beeitel and Judges Jasen, Gabrielli, Jones, Wachtler and Cooke concur.
Order affirmed.