Memorandum. The order of the Appellate Division is affirmed. Defendant, charged in an indictment with three counts of assault committed upon two corrections officers, was convicted upon his plea of guilty of two counts, in full satisfaction of the indictment. Before accepting the bargained for plea, the court was careful to elicit the details of the crime from the defendant himself. The defendant told the court that, when incarcerated at Green Haven Correctional Facility, he was approached by a guard who explained that he was sent to inspect the prisoner’s cell for contraband and also to search the prisoner personally. The defendant balked at the personal search and when the guard persisted, defendant, stating he "thought” he might be assaulted, struck the guard with a stool. After learning of the purported assault by the guard, which in fact never occurred, the court admonished the defendant, "if you’re using just the amount of force that you can lawfully use to repel an attack, I don’t want you to plead guilty to an assault crime”; to which defendant responded that "if I don’t plead guilty and I go to trial I will be convicted
 
 *947
 
 anyway”. After being satisfied that the plea was voluntary the court, nonetheless, again inquired of the defendant if he still desired to enter a plea of guilty, and defendant stated he did, whereupon the court accepted the plea in full satisfaction of the indictment.
 

 Among the several significant factors which warrant an affirmance in this case are these: (1) the requisite elements of the assault crime appeared from the defendant’s own recital of the facts
 
 (People v Serrano,
 
 15 NY2d 304, 308); (2) the record demonstrates that his lawyer was knowledgeable about the incident and that defendant had received adequate representation
 
 (People v Francis,
 
 38 NY2d 150, 154;
 
 People v Nixon,
 
 21 NY2d 338, 354); (3) as a recidivist, the defendant was experienced in the ways of criminal proceedings and not unaware of the possible consequences of trial
 
 (People v Nixon, supra,
 
 p 350), and (4) the defendant was fully conscious of the possible sentence he might receive and the over-all consequences of entering the plea. In accepting a plea, the court must exercise discretion based on the facts of each individual case
 
 (People v Nixon, supra,
 
 p 355). Where the court which accepts a plea has no reason to believe it is unfair or inappropriate, it should become final
 
 (People v Francis,
 
 supra, p 156). We conclude that under the circumstances the court properly accepted the plea.
 

 At sentencing, the defendant moved to withdraw the plea on the ground that in the interim following his plea, a homicide had occurred at the prison and that this incident might add credence to his self-defense claim. Upon such a motion the court may, in the exercise of sound discretion, determine to hold an evidentiary hearing
 
 (People v Tinsley, 35
 
 NY2d 926;
 
 People v McClain,
 
 32 NY2d 697). Given the status of the defendant as a prisoner, the allegations of assaults by the guards and the actual homicide, the Judge might well have exercised his discretion to have investigated the matter further through the vehicle of an evidentiary hearing. However, on the facts in this case we cannot say that there was an abuse of discretion as a matter of law in failing to hold such a hearing.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order affirmed in a memorandum.