■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BLAS VIUDA, Appellant.—Judgment, Supreme Court, Bronx County, rendered January 3, 1977, convicting defendant, upon his plea of guilty of criminal sale of a controlled substance in the third degree, and sentencing him to a term of four years to life, is reversed, on the law, the plea vacated, and the case is remanded for further proceedings in accordance herewith. Following defense counsel's application on November 22, 1976 for the defendant to be permitted to enter a plea of guilty to criminal sale of a controlled substance in the third degree, the record discloses the following: "THE COURT: Mr. Viuda, I have been advised by your attorney that you wish to plead guilty to the crime of criminal sale of a controlled substance in the third degree. Is that right? THE DEFENDANT: I haven't done it, but I will plead guilty. THE COURT: Tell him I won't take his plea if he tells me he hasn't done it. He has to admit to me that he did it, and then I will take his plea. THE DEFENDANT: Okay, I will take the four years. * * * THE COURT: You understand by entering your plea of guilty you give up your right to confront witnesses against you? THE WITNESS: Yes. THE COURT: You understand by entering a plea of guilty you are giving up your right to a jury trial? THE DEFENDANT: Yes. THE COURT: Have any other promises been made to you, except my promise that I will not give you more than four to life? THE DEFENDANT: No, sir. THE COURT: Have any threats or fear from others led you to take this plea? THE DEFENDANT: No, sir. THE COURT: Did you on May 5, 1976, along with two other persons, sell more than two ounces of heroin in the vicinity of 524 East 149 Street in the Bronx to an undercover officer? THE DEFENDANT: Yes. THE COURT: The amount of money involved was approximately $7,400? THE DEFENDANT: Okay." The possibility is clearly presented from the foregoing that the defendant did not in reality admit his guilt to the crime to which he was pleading. The defendant told the court that he would accept the plea offered although he in fact was innocent of the charge; was informed by the court that he would have to say that he was guilty; and may well have accommodated himself to that comment in response to the questions thereafter put to him. In *People v Nixon* (21 NY2d 338, cert den sub nom. *Robinson v New York*, 393 US 1067), the Court of Appeals concluded after an extended analysis of the problems incident to the taking of pleas, that the desirable approach was a flexible case-by-case one, reserving broad discretion to the Trial Judge. We do not understand the *Nixon* case, however, to sanction a plea of guilty in which the acknowledgement of the guilt has the appearance of being formal. The issue here seems fundamentally indistinguishable from that in *People v Serrano* (15 NY2d 304), where the court concluded that it was the obligation of the Trial Judge to

question the defendant further "with regard to his story of the crime" *People v Serrano (supra,* p 310). This, of course, is not to say that a defendant under appropriate circumstances and with full understanding of what he is doing may not enter an *"Alford* plea" *(North Carolina v Alford,* 400 US 25) in which he pleads guilty without admitting his culpability. Where, however, a plea is taken on the assumption that the defendant admits his guilt, and in connection with it, the defendant explicitly disavows his guilt, more is surely required to establish the authenticity of the defendant's admission than that which is recorded in these minutes. (Cf. *People v Francis,* 38 NY2d 150.) Concur—Fein, Lynch and Sandler, JJ.; Silverman, J. P., and Evans, J., dissent in a memorandum by Evans, J., as follows: If, in pleading guilty, a defendant cast doubt on his guilt he must be permitted to withdraw his plea and shall not be permitted to plead guilty under such circumstances until the court ascertains he is aware of what he is doing. *(People v Nixon,* 21 NY2d 338, cert den *sub nom. Robinson v New York,* 393 US 1067.) Initially, defendant stated he did not commit the crime; however, he did finally admit all of the acts constituting the crime. Clearly, it would have been preferable for the court to have elicited from the defendant the circumstances of the crime to which defendant pleaded guilty. Nonetheless, the questions elicited from defendant an admission to having sold more than two ounces of heroin to an undercover officer on May 5, 1976, in the vicinity of 524 East 149th Street in the Bronx, for approximately $7,400. This admission, coupled with defendant's failure to withdraw his plea when the court gave him the opportunity to do so, and his acknowledgment that he understood he was pleading guilty to an A-3 felony and that the sentence would be four years to life establish that the plea was voluntarily made with understanding of the charge and consequence of the plea. The issue here is substantially different from that in *People v Serrano* (15 NY2d 304), where the facts admitted did not establish defendant's guilt of the crime to which he pleaded guilty. More probative of the issue is the decision in *People v Fierro* (50 AD2d 1013) where the court held (p 1014): "The court is not obligated in every case to inquire of a defendant about his guilt and the propriety of his plea. Such inquiry is within the discretion of the court and this record demonstrates that defendant was represented by counsel and understood what he was doing." The record in this case reveals that defendant wished to plead guilty; there was no dispute on the facts; defendant was represented by able counsel and the facts admitted established guilt of the crime charged and clearly demonstrated that the plea was properly entered.