■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORENZO JONES, Appellant.—Appeal from a judgment of the Albany County Court, rendered December 7, 1977, convicting defendant, upon his plea of guilty, of the crime of robbery in the third degree. In essence, defendant contends that his plea of guilty should not have been accepted by the court since the record is insufficient to establish that in reality he admitted his guilt of the crime to which he was pleading or that this was an appropriate case for accepting defendant's guilty plea without an admission of culpability (see People v Viuda, 61 AD2d 938). The indictment charging defendant with robbery in the third degree alleged that he grabbed a pocketbook from the shoulder of his victim, knocking her to the ground. When specifically asked by the court whether he had knocked the woman to the ground, defendant replied in the negative. Accordingly, defendant theorizes that he cannot be guilty of robbery since that crime requires the use or threatened immediate use of physical force on another person (Penal Law, § 160.00). Where there is a factual dispute which tends to cast considerable doubt on defendant's guilt of the crime to which he is pleading, the court must make further inquiry (People v Serrano, 15 NY2d 304). We conclude, however, that while this appeal could have been avoided had the inquiry been more than

cursory, the court's questions did reveal that defendant admitted snatching the pocketbook from his victim's shoulder and that she thereafter fell to the ground. In our view, this does not constitute a factual dispute casting considerable doubt on defendant's guilt, but rather, simply creates a question as to how these facts would have been viewed by a jury, which is one of the factors considered by a defendant in arriving at his bargaining position (see *People v Francis,* 38 NY2d 150, 155). Accordingly, we conclude that the court had no reason to believe that defendant's plea was unfair or inappropriate, and therefore the bargain became final *(People v Francis, supra).* In so concluding, we refrain from passing on the question of whether purse snatching in and of itself constitutes forcible stealing within the meaning of the Penal Law (see *People v Santiago,* 62 AD2d 572). Judgment affirmed. Mahoney, P. J., Greenblott, Sweeney, Kane, and Staley, Jr., JJ., concur.