■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFREDO FELICIANO, Appellant.—Judgment, Supreme Court, Bronx County, rendered on August 8, 1977, affirmed. Concur—Bloom, Lynch and Ross, JJ.

Fein, J. P., and Sandler, J., dissent in a memorandum by Sandler, J., as follows: Defendant appeals from a judgment of the Supreme Court of the State of New York, rendered August 8, 1977, convicting him, upon his plea of guilty, of robbery in the first degree and sentencing him as a second felony offender to an indeterminate term of imprisonment of not less than 6 to 12 years. The issue presented on this appeal concerns the refusal of the trial court to grant defendant's motion, on the day he was sentenced, to withdraw his plea of guilty. The plea was entered after a *Wade* hearing at which four persons present at the time of the robbery testified. Two of them identified the defendnt as one of the participants in the robbery, the third testified that he looked like one of the participants, and the fourth testified that although he looked like one of the participants, he was "definitely" not one of the robbers. After a jury was impaneled, defendant's counsel offered to enter a plea of guilty to robbery in the first degree. The record reflects an agreement that the court would sentence the defendant to a term of 6 to 12 years. In the ensuing colloquy, the defendant made it abundantly clear that he was entering the plea unhappily and with great reluctance and was doing so because of "circumstances". The record reflects the following: "THE COURT: Well, is any—I want to know whether anyone is forcing you to do this? THE DEFENDANT: Correctly. They have spoken to me about what would happen and because of the way the case has been presented to me I can do absolutely nothing else." A time came when the court asked the defendant in substance what he had done in connection with the robbery. The defendant responded: "My memory doesn't go up to that point. What is in the papers. That's what I did." The papers were then shown to the defendant who then apparently paraphrasing what he was reading, said: "On September 20, 1975, forcibly I stole certain property from one Josephine Rodriquez, a sum of money and other personal property." Although the testimony at the *Wade* hearing disclosed that several persons had participated in the robbery, the defendant stated that he alone had committed it. On the day of sentence, the defendant moved to withdraw his plea of guilty. He stated in substance that he had entered the plea under pressure from his lawyer who had informed him that he would receive a much heavier sentence if convicted after trial. He criticized his lawyer for having failed to produce for trial certain witnesses, apparently persons present at the robbery other than those who testified at the *Wade* hearing. He asserted his innocence with vehemence and passion. The court denied the motion, asserting that the defendant had resisted going to trial and entered the plea only when the trial was about to commence. The probation report, he noted, reflected the defendant's satisfaction with the plea. The court further said: "I have gone

through the entire record and found that he was advised through the interpreter and he knew all of the consequences of admission of his guilt at that time." Two general principles emerge from the cases which have addressed the issue presented when a defendant seeks to withdraw a plea of guilty on the date of sentence. The first, in its most recent authoritative formulation, requires the trial court to conduct at least a limited interrogation, reserving an evidentiary hearing only for the rare case. (See *People v Tinsley*, 35 NY2d 926, 927; cf. *People v McKennion*, 27 NY2d 671, 673.) The second principle, which has been variously phrased, in effect vests the trial court with broad discretion to determine whether or not a motion to withdraw the plea should be granted. (See *People v Francis*, 38 NY2d 150, 153; *People v Nixon*, 21 NY2d 338, 353-355.) It is, I think, a fair observation that the leading decisions have presented only in very general terms the standards by which trial courts are to be guided in the exercise of that broad discretion. (See *People v Francis, supra,* p 153.) I believe that the court's refusal to permit this defendant to withdraw his plea of guilty under the circumstances of this record was an improvident exercise of discretion. It was implicit in defendant's comments when he entered the plea that he did so, not because he was guilty, but because he was persuaded that he would be convicted after a trial and would receive substantially greater punishment. His response when asked by the court to describe his participation, described above, made it quite clear that his acknowledgement of guilt was one of form only. (Cf. *People v Viuda*, 61 AD2d 938; see, also, *People v Serrano*, 15 NY2d 304.) The defendant's statement on the date of sentence made explicit that which was clearly suggested by his remarks when he accepted the plea. And who can doubt that he would indeed have received a more substantial sentence if he had been convicted after trial. He asserted his innocence with a force and passion that one rarely sees in this kind of application. It is not easy to understand the basis on which the trial court exercised its discretion to deny the application to withdraw the plea. Surely the record does not support a conclusive judgment that this defendant was in fact guilty of the crime charged. So far as appears, the evidence against him consisted exclusively of identification testimony from witnesses who did not know prior to the robbery any of the participants. Although many robbery cases depend on such testimony, and identification testimony is often reliable, its occasional vagaries are too well known to require amplification. Moreover, in this case an eyewitness testified that although the defendant resembled one of the robbers, he definitely was not involved in the robbery. By itself, that testimony raised a substantial question of fact as to defendant's guilt. In addition, the testimony of the *Wade* witnesses established that a number of persons other than those who testified were present when the robbery occurred. The record discloses no information as to whether any of these persons had been spoken to by the police, had seen pictures of the defendant and others, had identified, not identified or expressed an inability to identify, the defendant. At bottom the issue here, and in many other cases, involves a tension between two principles. One is the natural desire of busy trial courts, once a plea has been entered, to be done with the matter and go on to other cases. The other principle was given appropriate expression by former Chief Judge Breitel in *People v Nixon,* 21 NY2d 338, 354, *(supra):* "It is not tolerable for the State to punish its members over protestations of innocence if there be doubt as to their guilt". That principle was violated here. The judgment of conviction should be reversed and the case remanded to the trial court so that the defendant may have the trial he so ernestly requested.