■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY LEE JENKINS, Appellant.—Appeal from a judgment of the County Court of Clinton County, rendered February 23, 1979, convicting defendant upon his

plea of guilty of the crime of attempted burglary in the third degree. The only issue of merit presented by defendant on this appeal concerns the propriety of his plea of guilty to the crime of attempted burglary in the third degree. In eliciting the factual details of the crime before accepting that plea, the trial court asked the defendant what he was doing in the subject building. Defendant explained that he had been following an acquaintance and ran into the building when he spotted a police vehicle. When pressed, the following dialogue occurred: "By the court: What had you done? You were outside. Why should you run at all? By the defendant: I just panicked. By the court: Well it gives me some doubt but * * * I feel that [the] plea is entered [knowingly and intelligently]." Three weeks later the trial court engaged in lengthy and generally sympathetic comments when imposing the sentence previously agreed upon during plea negotiations. At one point it speculated that after defendant's eventual release from custody "you can tell kids in the community of your experience." Defendant interrupted: "That I was shafted to taking one and a half to three for something I didn't do? I'm going to tell them that? Because I was scared I'd be convicted and I took one and a half to three for something I didn't do. Am I going to tell them that, Your Honor?" The trial court briefly replied without reference to the statement of innocence and the proceedings were soon terminated. In our opinion, defendant's description of the underlying incident and his outburst at sentencing mandated that the trial court conduct a further inquiry before allowing the proceedings to end in the foregoing manner. While the record discloses that the defendant was a predicate felon; that a third degree burglary charge was about to be tried when he negotiated the instant reduction; that his motivation for pleading guilty was probably based, in part, on his assessment of the likelihood of conviction by a jury; and that he made no effort to withdraw his plea (cf. *People v Warren,* 47 NY2d 740; *People v Miller,* 42 NY2d 946), there is and should be no precise formula for accepting guilty pleas *(People v Nixon,* 21 NY2d 338). "It is not tolerable for the State to punish its members over protestations of innocence if there be doubt as to their guilt" and "where initial inquiry exposes difficulties or subsequent interpositions by defendant on sentencing raise questions, the court should be quick to offer the defendant an opportunity to withdraw his plea and at the very least conduct a hearing" (21 NY2d 338, 354, 355). Here, since the trial court itself expressed some doubt and the defendant unequivocally claimed innocence at the time of sentence, the guilty plea cannot be permitted to stand *(People v Beasley,* 25 NY2d 483; *People v Serrano,* 15 NY2d 304). In stark contrast to situations in which there was nothing to alert the trial court to some apparent difficulty *(People v Warren, supra; People v Francis,* 38 NY2d 150) and the defendant's recitation of the facts fairly spelled out the requisite elements of the crime *(People v McGovern,* 42 NY2d 905; *People v Jones,* 66 AD2d 956), the circumstances of this case plainly revealed the existence of a problem which demanded further attention. Defendant implicitly acknowledged that his entry into the building was unlawful, but his professed intent was unclear and he later denied culpability. Although he was represented by counsel and was not unfamiliar with criminal proceedings, it was the independent obligation of the trial court to deal with these ambiguities to insure that there was a proper basis for his guilty plea and a voluntary admission of criminal responsibility. Having failed to put these matters to rest, it follows that the present judgment should be reversed *(People v Serrano, supra).* Judgment reversed, on the law and the facts, guilty plea vacated and matter remitted to the County Court of Clinton County for further proceedings not

*inconsistent herewith.* Mahoney, P. J., Greenblott, Sweeney, Kane and Staley, Jr., JJ., concur.