■ The People of the State of New York, Respondent, v Kenneth Williams, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 22, 1978, convicting him of

attempted robbery in the first degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. An examination of the colloquy between the court and defendant clearly demonstrates that his plea of guilty, made with the advice of his counsel, was voluntarily and knowingly entered as a part of a plea bargaining agreement. The defendant has neither applied to vacate his plea at Criminal Term, nor, on appeal, made a factual showing that, in making his plea, his rights were impaired. No circumstances occurred at the time of the plea to lead the court to conclude that the defendant was not fully aware of the rights he was then waiving or that he was not completely cognizant of the consequences of his plea of guilty. Therefore, there is no warrant for the further inquiry defendant now seeks. In *People v Francis* (38 NY2d 150, 154) the court held: "What is common to all of these examples is the fact that, in each case, something—whether it was defendant's testimony, inconsistencies in the indictment, or counsel's objections—called the courts' attention to a problem which would not otherwise have been apparent. It does no violence to our concept of plea bargaining as a serious and difficult matter to hold that Judges are not expected to be omniscient. Indeed, as we pointed out in *People v Nixon* ([21 NY2d 338,] *supra)* there is no requirement that the Judge conduct a *pro forma* inquisition in each case on the off-chance that a defendant who is adequately represented by counsel and who admits the underlying facts may nevertheless not know what he is doing. Something must trigger the inquiry." Lazer, J. P., Mangano, Gibbons and Cohalan, JJ., concur.