## (January 22, 1981)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WOODHAM, Appellant. — Appeal from a judgment of the County Court of Chemung County, rendered October 18, 1979, convicting defendant, upon his plea of guilty of the crime of robbery in the second degree and imposing an indeterminate sentence of 4 to 12 years. This case raises anew the extent of a sentencing court's duty when the defendant interposes assertions affecting his guilt of the crime to which he is entering a bargained plea. Here, defendant, in response to the court's inquiry as to whether he wished to make a statement before sentence was pronounced, stated: "I just wanted to say even though I plead guilty to that second degree robbery I am not guilty of it because that never happened". Without further colloquy, the court imposed sentence. Defendant, relying upon our decision in *People v Jenkins* (72 AD2d 876) and citing to dicta in *People v Nixon* (21 NY2d 338), assigns reversible error to the failure of the sentencing court to conduct an in-depth inquiry as to his guilt of the crime of robbery in the second degree. We disagree. Defendant, in his brief, fails to point out that prior to the sentencing date he had appeared before the court and entered a guilty plea not only to robbery in the second degree, which is the subject of this appeal, but to the top count of four other indictments, making him guilty of five felonies, for which he was to be sentenced, on each convic-

tion, to the same indeterminate sentence, all to run concurrently. On that occasion, the court conducted a lengthy inquiry as to defendant's guilt of each crime, his understanding of the consequences of his plea and that each plea was entered after full consultation with counsel. Under these circumstances, we do not feel that the court, at sentencing, was unfair in concluding that no further inquiry was necessary since it was clear that the facts were not in dispute *(People v Beasley,* 25 NY2d 483; *People v Serrano,* 15 NY2d 304), that such facts as set forth in the indictment spelled out the crime of robbery in the second degree (see *People v Englese,* 7 NY2d 83), and that defendant was represented by competent counsel who made no request to withdraw the previously entered guilty plea *(People v Nixon,* 21 NY2d 338, *supra)*. Further, any conclusion that the trial court erred, thereby requiring us to vacate the plea of guilty to robbery in the second degree and causing a remand for further proceedings, would be manifestly unfair to the prosecution which clearly would not have accepted the bargained plea to five felonies unless the defendant pleaded guilty to all five charges. The bargain that was struck should not be undone because of the vacillation of the defendant at sentencing with respect to one of five felonies *(People v Francis,* 38 NY2d 150). Next, since defendant received concurrent sentences with respect to five separate felonies, we cannot conclude that there was any abuse of discretion *(People v Dittmar,* 41 AD2d 788). Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.