THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN MADEO, Appellant. — Appeal from a judgment of the County Court of Sullivan County (Scheinman, J.), rendered September 9, 1982, convicting defendant upon his plea of guilty of the crime of robbery in the first degree. ¶ On September 23, 1981, defendant entered the Ellenville Savings Bank in the Town of Liberty, Sullivan County. He filled out a withdrawal slip in the amount of $2,000 and then approached the window of teller Joanne Marie Parks, whispering to her, "Please be quiet and don't get excited." He then gave her the withdrawal slip on which he had written, "Give me the money. Quietly! I've got a gun." After Parks read the note, defendant told her that he was armed, and pulled back the left side of his jacket to show her the butt of what was later found to be a replica military .45 marksman BB pellet pistol. Parks gave defendant a total of $1,575, including "bait money", and in so doing, she activated the bank's security alarm system and cameras. Defendant took the money and fled.

¶ Two days later, after pictures of him taken by the bank's cameras had appeared in the newspapers, defendant turned himself in. He was ultimately charged in a four-count indictment with two counts of first degree robbery, and one count each of second degree robbery and second degree grand larceny. After nine months of plea bargaining negotiations, defendant pleaded guilty to the first count of the indictment, robbery in the first degree, in violation of subdivision 3 of section 160.15 of the Penal Law, in exchange for a promise that he would not receive a sentence in excess of six years. The bargained for maximum sentence was subsequently imposed. ¶ Defendant's principal contention on this appeal is that the trial court erred in accepting his guilty plea on the ground that he was not, in fact, guilty of first degree robbery as defined by subdivision 3 of section 160.15 of the Penal Law. He argues that the trial court should have apprehended that he did not use or threaten "the immediate use of a dangerous instrument" in perpetrating the theft and that it should, accordingly, have either rejected his plea or informed him that his admissions might not constitute the crime charged and inquired whether he still wanted to plead guilty (citing *People v Serrano,* 15 NY2d 304). ¶ This contention is meritless. A guilty plea is properly accepted unless the trial court has somehow been alerted to the fact that the plea is inappropriate, e.g., by evidence of a dispute of the facts, by evidence of an incorrect charge on the face of the indictment, or by evidence of inadequate representation of counsel (*People v Francis,* 38 NY2d 150, 153-154). None of these indicia of the alleged inappropriateness of the plea was presented here. The transcript of defendant's allocution at the plea hearing reveals that he fully satisfied the requirements for guilt as defined by subdivision 3 of section 160.15 of the Penal Law. He related to the trial court that he went up to the teller on the date in question and handed her a withdrawal slip with the notation that he had a gun and wanted her to hand over $2,000. He further stated that he also orally informed her that he had a gun and then deliberately let her see its handle. Accordingly, defendant's statement clearly satisfies the statutory prerequisite that he used or threatened "the immediate use of a dangerous instrument" in committing the holdup (Penal Law, § 160.15, subd 3). ¶ We are not persuaded by defendant's contention that, because no express words of threat were used and because he did not actually brandish the gun,* he had not in fact violated subdivision 3 of section 160.15 and that his plea allocution failed to establish the elements thereof. Defendant's contention is virtually identical to that made in *People v Dodt* (61 NY2d 408), that in merely saying "Don't scream lady, I've got a gun in my pocket", there was no restraint by "threatening to use deadly physical force" as required to establish first degree kidnapping (Penal Law, § 135.25). In *Dodt,* the gun was never even partly displayed nor later found, yet the Court of Appeals upheld the prosecution's theory of implied threat from the assailant's statement of possession and further held that "a threat to use a gun, such as was made here, can only be understood as a threat that the weapon is operable" (*id.,* at p 415). So, too, defendant's statement that he had a gun and his partial display thereof are sufficient under the circumstances to constitute a threat of immediate use of a dangerous instrument (Penal Law, § 160.15, subd 3). Accordingly, we hold that defendant was guilty as charged and that the trial court was correct in accepting his guilty plea. ¶ In so holding, we also reject defendant's claim that he was deprived of effective assistance of counsel. He argues that a competent attorney would

---

* It should be noted that an air pistol such as defendant used here has been determined to be a "deadly weapon" within the meaning of subdivision 12 of section 10.00 of the Penal Law (*People v Jones,* 54 AD2d 740), and as such, falls within the broader category of " 'Dangerous instrument' " (Penal Law, § 10.00, subd 13). Defendant also now claims that the gun was not loaded, but there is no record support for this assertion, nor did defendant so state in his allocution.

have perceived that since he was only armed with an unloaded BB pistol at the time of the holdup, the prosecution could not have proven the first three counts of the indictment, charging two counts of robbery in the first degree (Penal Law, § 160.15, subds 3, 4) and one count of robbery in the second degree (Penal Law, § 160.10, subd 2, par [b]). He concludes that he should have been able to plead to a lesser crime than robbery in the first degree. ¶ We disagree. As outlined above, the prosecution could have proven defendant guilty under subdivision 3 of section 160.15 by showing that he caused the victim to reasonably perceive that he was threatening her with the immediate use of a dangerous instrument (see *People v Dodt, supra*). Further, while the allegation that the gun was unloaded might be a defense to a conviction of robbery in the first degree under subdivision 4 of section 160.15, as we have already noted, the allegation that the gun was unloaded is merely a contention raised by defendant for the first time on appeal, and is a claim which he might not have been able to argue successfully to the jury at trial. It is this element of uncertainty as to how disputed facts would have been determined by a jury which are considered in arriving at a plea bargaining position (see *People v Jones*, 66 AD2d 956, 957). Since the arguments which defendant faults his attorney for not having perceived are largely invalid, he has failed to prove that his attorney did not provide him with meaningful representation in negotiating his plea bargain (see *People v Baldi*, 54 NY2d 137, 147). ¶ Finally, we reject defendant's claim that his sentence of two to six years' imprisonment was excessive. This term represents the mandatory minimum sentence authorized for conviction of a class B violent felony (Penal Law, § 70.02, subd 2, par [a]; subd 3, par [a]; subd 4), and, in view of the serious nature of the crime of which defendant stands convicted, we consider it a fair one. ¶ Judgment affirmed. Kane, J. P., Main, Weiss, Mikoll and Levine, JJ., concur.