■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HALDANE R. TALIAFERRO, Appellant. — Weiss, J. Appeals (1) from a judgment of the County Court of Sullivan County (Scheinman, J.), rendered July 28, 1983, convicting defendant upon his plea of guilty of the crime of robbery in the second degree, and (2) by permission, from an order of said court (Hanofee, J.), entered August 20, 1984, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Defendant was charged in a two-count indictment with robbery in the first degree and robbery in the second degree stemming from an incident at the Italian Delight Restaurant in the Village of Liberty on the evening of February 17, 1983. After extensive plea negotiations, defendant entered an *Alford* plea of guilty (*see, North Carolina v Alford,* 400 US 25) and the promised sentence of an indeterminate term of imprisonment of 3 to 9 years was imposed. Thereafter, defendant moved to vacate the conviction, contending that his allocution during the plea proceedings failed to delineate each element of robbery in the second degree and, in addition, did not constitute a proper *Alford* plea. The motion was denied. Defendant has appealed from both the judgment of conviction and the order denying his motion to vacate the judgment.

On this appeal, defendant reiterates that the trial court erred in accepting his guilty plea because his allocution upon the plea did not contain a recital of facts sufficient to establish a basis for the crime confessed. Specifically, defendant contends that he never actually confirmed that he was aided by his alleged coparticipant, one Zain Cooks (*see,* Penal Law § 160.10 [1]), or that Cooks displayed what appeared to be a firearm (*see,* Penal Law § 160.10 [2] [a], [b]). As such, defendant argues that the court should have rejected his plea or informed him that his admissions might not constitute the crime charged, and inquired further whether he still wanted to plead guilty. We find the contention meritless.

A trial court may properly accept a guilty plea unless alerted to some impropriety, such as (1) evidence of a dispute of the

facts, (2) an incorrect charge on the face of the indictment or (3) inadequate representation of counsel (*People v Francis,* 38 NY2d 150, 153-154; *People v Madeo,* 103 AD2d 901, 902; *People v Pratt,* 99 AD2d 909). No specific procedure in the taking of a plea is required so long as the defendant's rights are not prejudiced (*People v Nixon,* 21 NY2d 338, 355, *cert denied sub nom. Robinson v New York,* 393 US 1067).

As noted above, defendant insists that a factual dispute exists, vitiating the propriety of the plea. We disagree. Prior to the plea allocution, defense counsel stated on the record that his client would be entering an *Alford* plea, i.e., one in which a defendant enters a plea of guilty to avoid the risk of conviction on a more serious charge, even though disputing the evidence of guilt. Defendant acknowledged on the record that, in view of the evidence against him, a plea to the lesser charge was in his best interest (*see, People v Marlowe,* 108 AD2d 955). However, he contends that a proper *Alford* plea was not entered since the evidence was insufficient to support a conviction of robbery in the first degree (Penal Law § 160.15 [3]). The record shows that defendant and a coparticipant entered the restaurant together; that defendant threatened to harm the proprietor's children if there was any interference; that the coparticipant held his hand in his pocket to simulate possession of a weapon; that defendant took approximately $400 from the cash register; and that the two perpetrators departed together and were apprehended shortly thereafter in the vicinity of the restaurant. Based on this evidence, there was ample basis for a robbery in the first degree conviction (*see, People v Dodt,* 61 NY2d 408; *People v Madeo, supra*). It follows that the *Alford* plea was properly interposed, obviating the requirement of a factual basis for the plea (*cf. People v Rockwood,* 78 AD2d 845, 846).

We also note that the trial court further elicited a factual recitation from defendant supporting a finding that Cooks actually participated in the robbery. While, at sentencing, defendant denied Cooks' involvement, during the plea allocution defendant affirmed the trial court's inquiry that both parties were involved in obtaining the money. Defendant further stated that he and Cooks entered and departed from the restaurant together, and were apprehended together minutes later. Although the court was not required to elicit a factual recitation of the underlying charge from defendant (*People v Nixon, supra,* p 354), in so doing, defendant clearly indicated Cooks' involvement. This is not an instance where the defendant's plea allocution casts doubt on the sufficiency of his plea (*cf. People v Ebron,* 87 AD2d 653).

Finally, since this case involves a bargained guilty plea to a lesser crime, it was unnecessary to establish a factual basis for the particular crime confessed (*People v Clairborne,* 29 NY2d 950, 951; *People v Johnson,* 107 AD2d 947). The record confirms that defendant entered the plea knowingly and voluntarily after discussing the alternatives extensively with his attorney. Since there is no evidence that his rights have been prejudiced, the plea should not be disturbed.

Judgment and order affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.