■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD ERNEST INGRAM, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Delaware County (Estes, J.), rendered January 14, 1985, (1) upon a verdict convicting defendant of the crimes of criminal possession of marihuana in the third degree and criminal possession of a weapon in the fourth degree, and (2) convicting defendant upon his plea of guilty of the crime of criminal sale of marihuana in the third degree.

The overriding issue at defendant's trial was whether he constructively possessed bags containing marihuana and marihuana seeds, and a shotgun. These items had been lawfully seized by the State Police on May 21, 1984 during a search of an unoccupied apartment reputed to be inhabited by defendant. A rental agent, called as a prosecution witness, recalled leasing the apartment to defendant and his girlfriend in September 1983 and collecting rent from defendant until March 1984, when the Delaware County Department of Social Services began to make such payments directly to the landlord. A paid police informant testified that, during the two weeks preceding the May 21, 1984 search, he visited the apartment between five and seven occasions. Each time, defendant was present; moreover, on these visits the informer had observed defendant in actual possession of both the shotgun and the marihuana. Witnesses for the defense testified that in March 1984, defendant moved out of that apartment and into another due to differences with his girlfriend.

The jury convicted defendant of criminally possessing both the shotgun and the marihuana. Though defendant questions the sufficiency of the evidence, the admissibility of the marihuana, and County Court's decision to deny a suppression motion without a hearing, only the criticism directed at the court's last supplemental charge to the jury on constructive possession merits comment. Initially, the court gave a thor-

ough charge on this point together with examples of constructive possession and factors which indicated and failed to indicate constructive possession. Approximately an hour later, at 5:30 P.M., the jury asked for additional instructions, including a definition of constructive possession; the court quite properly reread the original charge (see, e.g., People v Malloy, 55 NY2d 296, 301, cert denied 459 US 847).

At 10:15 P.M., the jury again sought further instruction regarding constructive possession. This time, County Court compressed the original charge by omitting the illustrations previously given of circumstances which did and did not indicate constructive possession and simply reiterated the core of the definition. Because the illustrations omitted included those which reflected lack of constructive possession, defense counsel excepted to the adequacy of the court's modification. We consider the modified charge evenhanded, but even if it resulted in some imbalance, no grave prejudice accrued to defendant.

With respect to defendant's appeal from the conviction following his plea of guilty to a separate indictment, as there is no indication that his plea of guilty to criminal sale of marihuana in the third degree was other than fairly, knowingly and voluntarily arrived at, no cognizable ground to vacate it is advanced (see, People v Francis, 38 NY2d 150, 156).

Judgment affirmed, Mahoney, P. J., Kane, Main, Yesawich, Jr., and Levine, JJ., concur.