■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIMEON ARIAS, Appellant.—Judgment, Supreme Court, New York County (Frederic Berman, J., at plea and sentence), rendered June 1, 1987, convicting defendant, upon his plea of guilty, of the crime of criminal sale of a controlled substance in the second degree, and sentencing him to a term of five years' to life imprisonment, unanimously affirmed.

On August 1, 1986, defendant sold two kilograms of cocaine to an undercover police officer in Brooklyn. He was arrested and subsequently indicted along with his codefendant, Johnny Mateo, and charged with the crimes of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the first degree, and criminal possession of a controlled substance in the third degree. Thereafter, on January 12, 1987, defendant entered a plea of guilty to the crime of criminal sale of a controlled substance in the second degree in satisfaction of the indictment. At the time of the taking of the plea, the court promised defendant that he would be sentenced to "no more than a maximum of five years to life and if the People report to the Court that you have cooperated with them with respect to other narcotics matters and the People recommend that you get a lesser sentence or even be permitted to withdraw your present plea and replead to a lesser crime, that the Court will give consideration to that recommendation by the prosecution". Defendant, in the presence of counsel, acknowledged that no other promise had been made to him.

Upon leaving court, defendant and his attorney returned to the District Attorney's office, where defendant was interviewed for an extended period by an undercover police officer. Afterwards, defendant directed his counsel to inform the People that he was willing and anxious to cooperate so as to lessen his sentence. The defendant's wife also offered her services on several occasions to arrange meetings with certain

individuals, but had placed conditions upon the arrangements which were unacceptable to the undercover police agent. Defendant, however, was unwilling to operate as a police agent from within the confines of his place of incarceration and insisted that he would produce better results if he were released to work on the street. This option was rejected by the People upon a well-founded fear that defendant would escape to South America if allowed the opportunity to do so. Defendant's presentence application to vacate his guilty plea was denied by the trial court.

There is no absolute right to withdraw a guilty plea and a motion for such relief is within the trial court's discretion (CPL 220.60 [3]; *People v Miller,* 42 NY2d 946, 947). If, however, the guilty plea has been induced by a promise which cannot be fulfilled, then the defendant must be allowed to withdraw his plea *(Santobello v New York,* 404 US 257; *People v Selikoff,* 35 NY2d 227, *cert denied* 419 US 1122). In the instant case, defendant was allowed to plead down to a lesser crime and to be sentenced in accord therewith independently of any contingent sentencing arrangement. In view of the overwhelming proof of defendant's guilt and the possible sentence he faced upon a conviction after trial, the acceptance of the independent plea bargain arrangement does not appear to have been an improvident act by defendant.

We have considered defendant's other contentions and find them to be without merit. Concur—Kupferman, J. P., Sullivan, Milonas, Asch and Smith, JJ.