■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY FOWLER, Appellant.—Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered on October 31, 1988, convicting defendant, on his plea of guilty, of attempted criminal sale of a controlled substance in the third degree and sentencing him to an indeterminate term of imprisonment of 1 to 3 years, unanimously affirmed.

Defendant, who was arrested following an undercover "buy-and-bust" operation, pleaded guilty to attempted criminal sale of a controlled substance in the third degree, in exchange for a promised sentence of five years' probation and time served, on condition that defendant appear for sentencing, cooperate with probation authorities, and not commit any further criminal acts. Defendant did not appear for sentencing and was returned on a warrant six weeks later. Defendant then moved to withdraw his plea, asserting that he was innocent and had pleaded guilty under duress. The motion was denied without a hearing, and defendant was sentenced as noted above.

The motion to withdraw a plea will not be granted where

the court sufficiently inquires into the assertion of innocence and there is not supporting factual matter for the assertion. *(People v Woodham,* 79 AD2d 1062.) An evidentiary hearing as to a claim such as duress is not required where a limited interrogation by the court will suffice. *(People v Tinsley,* 35 NY2d 926.) The court sufficiently inquired into the alleged claims. As the terms of the sentence promise had been violated, the court acted properly in imposing a greater sentence. *(See, People v Sepulveda,* 151 AD2d 335.) Concur—Ross, J. P., Rosenberger, Asch, Kassal and Wallach, JJ.