■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID MICKENS, Appellant. [627 NYS2d 27] —Judgment, Supreme Court, New York (Herbert Alderberg, J.), rendered March 4, 1993, convicting defendant, upon his plea of guilty, of attempted robbery in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 6 years to life, unanimously affirmed.

Defendant's contention that his plea was not knowing, voluntary or intelligent has not been preserved for appellate review, as a matter of law, since he did not move to withdraw the plea (CPL 220.60 [3]), or to vacate the judgment of conviction (CPL 440.10; *see, People v Butler,* 200 AD2d 515, *lv denied* 83 NY2d 850), and we decline to review it in the interest of justice. Were we to review it, we would affirm. Part of the

express plea bargain was that defendant would testify truthfully at the trial of his co-defendant and that his failure to do so would result in the imposition of the maximum allowable sentence. Defendant's refusal to do so violated the terms of the sentence promise and the court acted properly in imposing a greater sentence without affording him an opportunity to withdraw his plea (see, People v Fowler, 167 AD2d 154, 155, lv denied 77 NY2d 838). Nor was there any abuse of sentencing discretion in adjudicating defendant a persistent violent felony offender since he intentionally deceived the court by using an alias to avoid discovery of prior offenses and failed to disclose his true status during plea negotiations (People v Barnes, 160 AD2d 342). We note defendant's plea was knowing, voluntary and intelligent. Concur—Sullivan, J. P., Rosenberger, Wallach, Nardelli and Williams, JJ.