Angel ROMERO, Petitioner–Appellant,

v.

Daniel A. SENKOWSKI, Superinten-
dent, Clinton Correctional Facili-
ty, Respondent–Appellee.

No. 02–2714.

United States Court of Appeals,
Second Circuit.

Nov. 8, 2004.

Vivian Shevitz, South Salem, NY, for
Appellant.

Robert T. Johnson, District Attorney,
Bronx County (Joseph N. Ferdenzi, Stan-
ley R. Kaplan, Argiro Kosmetatos, Assis-
tant District Attorneys, Bronx County),
Bronx, NY, for Appellee.

PRESENT: MESKILL, SACK, and
B.D. PARKER, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS
HEREBY ORDERED, ADJUDGED
AND DECREED that the judgment of the
district court be, and it hereby is, AF-
FIRMED.

The petitioner, Angel Romero, appeals
from a judgment of the district court deny-
ing his application for a writ of *habeas
corpus* pursuant to 28 U.S.C. § 2254 with
respect to his 1997 conviction for criminal
possession of a weapon in the third degree
in the Supreme Court of New York, Bronx
County. *Romero v. Senkowski,* No. 02
Civ. 1831 (S.D.N.Y. Sept. 18, 2002).

Romero's sole contention on appeal is
that the government did not sustain its
burden of proving beyond a reasonable
doubt that, at the time of the arrest, he
was *not* driving a livery cab, as opposed to
an ordinary private automobile. The dif-
ference may be critical because one ele-
ment of the charged offense is that the
possession did not "take[ ] place in such
person's home or place of business." N.Y.

436

Penal Law § 265.02(4). Romero contends that a livery cab is a place of business, such that the government bore the burden of proving that he was not driving a cab when he was arrested in order to make out a prima facie case of criminal possession of a weapon in the third degree.

Reviewing *de novo* the district court's denial of a petition for a writ of habeas corpus, *Coleman v. United States,* 329 F.3d 77, 81 (2d Cir.2003), and viewing the evidence in the light most favorable to the prosecution, *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), we conclude that the evidence was plainly sufficient to satisfy a rational trier of fact beyond a reasonable doubt as to all the elements of the crime, *id.*

As both the district court and the Appellate Division pointed out, the government introduced specific testimony that Romero's car was not a cab, and the jury made a reasonable factual determination based on that testimony. *Romero,* No. 02 Civ. 1831, slip op. at 3; *People v. Romero,* 280 A.D.2d 316, 316–17, 720 N.Y.S.2d 145, 146 (First Dep't 2001). Indeed, there was no plausible basis for the jury to have reached any other conclusion. Romero's suggestion that the mere presence of a passenger somehow raises a presumption that the car was a livery cab finds no basis in logic or in fact. Even if we were to accept, for the sake of argument, the proposition that a cab is likely to have a passenger other than its driver, it does not follow logically therefrom that a car with a passenger is likely to be a cab.

We note, finally, that it is not clear, under New York law, that a livery cab qualifies as a "place of business" for purposes of Section 265.02(4). *See People v. Francis,* 38 N.Y.2d 150, 152, 379 N.Y.S.2d 21, 23, 341 N.E.2d 540 (1975) (noting that the "place of business" exception has not been "definitively interpreted"). As noted,

however, even if it is, the state established that Romero's car was not a cab.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.