■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN ANTONIO BOCCEO, Also Known as JUAN ANTONIO, Also Known as ANTONIO BOCCIO, Also Known as ANTONIO BOCCEO, Appellant. [624 NYS2d 140] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered June 12, 1992, convicting defendant, upon his pleas of guilty, of two counts of criminal sale of a controlled substance in the third degree, and sentencing him to concurrent terms of 5 to 15 years, unanimously affirmed.

Contrary to defendant's contention, we do not find that the testimony of the arresting officer was incredible as a matter of law *(see, People v Garafolo,* 44 AD2d 86, 88). A discrepancy between the officer's testimony that, at the time of arrest, defendant was wearing a tan trench coat and a red baseball cap, and, a post-arrest photograph taken by that officer of defendant 18 hours later, while defendant was in the custody

of the Department of Correction, indicating that defendant was wearing a black trench coat and a baseball cap with a red insignia in the front of it, is insufficient to require reversal of the hearing court's determination of facts and credibility, since the defendant had an opportunity to switch garments outside the arresting officer's absence.

We reject defendant's argument that the sentence is excessive. Since defendant did not fulfill the negotiated plea condition, that he return to court for sentence, the court was no longer bound by its original conditional sentence promise, and we find that the instant sentence is not excessive *(People v Fields,* 197 AD2d 633, *lv denied* 82 NY2d 894). Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Tom, JJ.