■ The People of the State of New York, Respondent, v Ronald Haniff, Appellant. [632 NYS2d 20] —Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Gerges, J.), imposed September 26, 1994, upon his conviction of assault in the second degree, upon his plea of guilty, the sentence being an indeterminate term of two and one-third to seven years imprisonment.

Ordered that the sentence is affirmed.

During the defendant's plea allocution, the court advised

him that if he failed to appear on the date scheduled for sentencing, or if he was rearrested, he would face an enhanced sentence of up to two and one-third to seven years imprisonment. Since the defendant failed to comply with these conditions, the court was no longer bound by its original promise to impose a definite sentence of one year, and had the right to impose a greater sentence (see, People v Bocceo, 213 AD2d 278; People v Wallace, 210 AD2d 359). Furthermore, because the promise of an increased sentence was part of the original plea agreement, the defendant has no cause to complain that the sentence imposed is excessive (see, People v Wallace, supra; People v Kazepis, 101 AD2d 816), and we decline to reduce it in the exercise of our interest of justice jurisdiction. Mangano, P. J., Sullivan, Balletta, Santucci and Krausman, JJ., concur.