■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v L. M., Appellant. [641 NYS2d 694] —Appeal by the defendant from two judgments of the Supreme Court, Kings County (Juviler, J.), both rendered October 21, 1994, convicting him of robbery in the first degree (six counts), reckless endangerment in the first degree, robbery in the second degree (two counts), criminal possession of a weapon in the second degree (two counts), and criminal possession of a weapon in the third degree (two counts), under Indictment No. 1619/94, and robbery in the first degree (three counts), attempted robbery in the first degree (three counts), robbery in the second degree, and attempted robbery in the second degree, under Indictment No. 3825/94, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant contends that he is entitled to specific performance of a plea agreement that the aggregate sentence imposed under both indictments would be no less than 10 to 20 years but no more than 14 to 28 years. The record of the plea allocution, however, does not establish that the defendant was promised that the aggregate sentence would be capped at 14 to 28 years. The defendant was promised a sentence of 10 to 20 years if he cooperated with the prosecution, and he was specifically advised by the court that it could impose a sentence of "much, much more" if he failed to cooperate. Following a hearing, the court determined that the defendant failed to cooperate with the prosecution and imposed an aggregate sentence of 15 to 30 years. We conclude that the court properly exercised its discretion in imposing sentence and that the defendant's contention that he is entitled to specific performance of the alleged plea agreement is without merit.

We have reviewed the defendant's remaining contention and find it to be without merit. O'Brien, J. P., Ritter, Pizzuto and Altman, JJ., concur.