■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRENTON PAIGE, Appellant. [697 NYS2d 771] —Peters, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered May 22, 1998, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.

In satisfaction of a seven-count indictment, defendant

entered a plea of guilty to the top count, which charged robbery in the first degree, a class B violent felony. Pursuant to the plea bargain, defendant was to be sentenced to a term of imprisonment of 9 to 18 years, provided that he cooperate with the District Attorney in the prosecution of Shawn Young, his accomplice in the robbery. After defendant testified at Young's trial, which resulted in a mistrial, the People asserted that defendant had failed to cooperate and sought an enhanced sentence. After conducting a hearing, County Court concluded that defendant had breached his agreement to cooperate. The court thereupon imposed the maximum possible sentence of 12½ to 25 years in prison. Defendant appeals.

Defendant does not dispute County Court's authority to ignore a bargained-for sentence and impose an enhanced sentence where a defendant breaches a plea bargain condition which requires cooperation in the prosecution of an accomplice (*see, People v L.M.*, 226 AD2d 744, *lv denied* 88 NY2d 988; *People v Mickens*, 215 AD2d 322, *lv denied* 86 NY2d 798). Rather, defendant contends that County Court erred in finding that he breached the plea bargain. The transcript of the plea proceeding establishes that defendant's agreement to cooperate required him to give truthful testimony in light of the statements made to the police and in his plea allocution regarding Young's involvement in the robbery. Contrary to those statements, defendant initially testified at Young's trial that Young was not present at the scene of the robbery, and defendant also attempted to disavow his prior statements which incriminated Young. Ultimately, after further questioning and instructions by County Court, defendant acknowledged Young's role in the robbery, but the record demonstrates that he remained a reluctant witness against Young, who is his cousin.

The mere fact that defendant ultimately provided testimony consistent with his prior statements incriminating Young does not preclude a finding of lack of cooperation (*see, People v Curdgel*, 83 NY2d 862, 864). In view of his initial testimony, defendant's subsequent testimony incriminating Young was of questionable value and was clearly less than what the People bargained for. We see no basis to disturb County Court's finding.

Further, we find no merit to defendant's claim that his sentence is harsh and excessive. During the plea proceeding, County Court informed defendant that the maximum possible sentence was 12½ to 25 years and that if he failed to comply with the plea bargain, the court could impose any appropriate sentence up to and including the maximum. Accordingly, de-

fendant has no cause to complain that the sentence imposed is excessive (*see, People v Haniff*, 220 AD2d 449, *lv denied* 88 NY2d 848). In any event, the sentence ultimately imposed reflects the gravity of defendant's crime (*see, People v Gregory*, 223 AD2d 503, *lv denied* 88 NY2d 879), which included threats to use a firearm against tellers and others in the bank where the crime occurred.

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.