■ THEODORE A. CAMPBELL, Appellant, v. HARRY I. BRONSTEIN, as Chairman of the City Civil Service Commission and as Director of the Department of Personnel of the City of New York, et al., Respondents.— Judgment, Supreme Court, New York County, entered on January 25, 1974, dismissing the petition, unanimously reversed, on the law, without costs and without disbursements, and vacated, and respondents are directed to grant petitioner a new promotional examination. Petitioner, a battalion chief in the New York City Fire Department, took " Special Military Examination No. 2 " while he was in the armed forces. The examination was for promotion to the position of Deputy Chief. He challenges the fairness of the examination because of illegibility of portions of it. In fact, 14 of the 100 multiple choice questions were blurred or illegible as well as one essay question. No other legible examination paper was available and the examination had to be completed within a stipulated time period. On the basis of the record, it would appear that the numerous blurred or illegible examination questions contributed substantially to the petitioner's failure to pass the examination. In the light of this fact, he is entitled to take the examination anew. Concur — Markewich, J. P., Murphy, Tilzer and Lane, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JUAN OTERO, JR., Appellant.— Appeal by defendant from a judgment of the Supreme Court, Bronx County, rendered on March 20, 1973, convicting him after a trial on consolidated burglary indictments before McCaffrey, J. and a jury of the crimes of burglary in the second degree, burglary in the third degree, grand larceny in the third degree (two counts), and sentencing him to an indeterminate term of up to five years on each of the burglary counts, an indeterminate term of up to four years on each of the grand larceny counts and an unconditional discharge on the attempted grand larceny charge, the sentences to run concurrently with each other. Judgment unanimously reversed, on the law and in the interest of justice, and a new trial directed. The defendant's defense to each of the offenses charged was an alibi. His conviction rests entirely on identification testimony, the conflicting character of which casts considerable doubt upon the validity of the charges made against him, for which he was convicted. There was an impermissible " bolstering " of the claimed eyewitness testimony; testimony by a police officer, regarding a prior identification of defendant by the complainant, when the identification issue is a close one, constitutes error requiring a new trial, even though no objection was taken to the testimony. (*People* v. *Trowbridge,* 305 N. Y. 471; *People* v. *Hoban,* 28 A D 2d 562; *People* v. *De Jesus,* 11 A D 2d 711.) And the rule is clear in this State that a witness may not testify to an extrajudicial identification of the defendant, on the People's direct case. (*People* v. *Griffin,* 29 N Y 2d 91, 93; *People* v. *Christman,* 23 N Y 2d 429; *People* v. *Cioffi,* 1 N Y 2d 70, 73.) Concur — McGivern, P. J., Markewich, Nunez, Kupferman and Capozzoli, JJ.