THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COLLIN FEARON, JR., Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted after a jury trial of murder and felonious possession of a weapon. The evidence showed that defendant shot and killed Richard Griffith at Bernz-O-Matic, where both were employed, because defendant believed Griffith was trying to have him fired. Because the evidence indicated that defendant was in possession of the weapon, a .22 caliber revolver, at his "place of business," he argues that he should fall within the exception to the felony possession in former section 265.05 (subd 2) of the Penal Law, which provided that possession would constitute only a misdemeanor if it took place in a person's "house or place of business." That argument was considered and rejected in *People v Francis* (45 AD2d 431) where the court declined to give the statute that construction stating that to do so would be to ignore the purpose of the legislation, i.e., to limit the carrying of guns. To mitigate the penalty for persons whose illegal possession is solely for self-protection, the Legislature provided a lesser offense for persons protecting themselves or their property either in their home or place of business. To permit large numbers of persons to be subjected only to a misdemeanor for the illegal carrying of weapons would certainly controvert the meaning and intent of the statute. The result here would be defendant's conviction of only a misdemeanor, due to the fact that he chose to shoot his victim at their place of employment. Such a result would be a perversion of justice. Defendant also contends that it was error to admit testimony by a police officer that "bolstered" the testimony of the eyewitness Belknap. Inasmuch as no objection was made at the time the testimony was given, the issue was not properly preserved for appeal (CPL 470.05 subd 2). Even if it were, however, it would constitute harmless error. In *People v Otero* (45 AD2d 952), relied on by appellant, the court found that such bolstering testimony constituted reversible error despite the fact that no objection had been entered at trial. There, however, the only evidence against defendant was the identification testimony which was of a highly questionable and doubtful quality. That is not the case here. The evidence of defendant's guilt, including a confession found to be voluntary, was overwhelming and the identification testimony of the witness Belknap was entirely credible and reliable. Therefore, even though testimony of prior extra-judicial identification is impermissible *(People v Trowbridge,* 305 NY

471), on this record it can be treated as harmless error *(People v Nival,* 41 AD2d 777; CPL 470.05, subd 1; see, also, *People v Blackman,* 43 AD2d 742; *People v Brown,* 43 AD2d 743; *People v Armlin,* 43 AD2d 782). We find the many other arguments raised by defendant on this appeal to be without merit. (Appeal from judgment of Monroe County Court—murder and possession of weapon.) Present—Simons, J. P., Dillon, Hancock, Denman and Goldman, JJ.