■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH CROSS, Appellant.—Judgment, Supreme Court, New

York County (John C. Leonforte, J.), rendered November 17, 1980, convicting defendant, *in absentia*, of criminal possession of a weapon in the third degree, and sentencing him, *in absentia*, to an indeterminate term of imprisonment of from 3½ to 7 years, unanimously affirmed.

On information from an unidentified informant, police officers approached a storefront social club. Through a window, an officer saw defendant climb on top of a juke box and drop an object into an elevated air-conditioner mounted on the building wall adjacent to the doorway. A woman then opened the door and the officers entered. A loaded revolver was recovered from a well inside the air-conditioner.

Contrary to defendant's assertions, guilt was proven beyond a reasonable doubt. Viewing the evidence in a light most favorable to the People, and considering that credibility is a matter to be determined by the trier of fact, the evidence conclusively established that defendant possessed a loaded and operable gun *(People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932). Further, contrary to defendant's contentions, it was unnecessary for each piece of circumstantial evidence to point to no conclusion other than guilt, as it is a totality of the evidence which, as here, must lead to that conclusion *(People v Cathey,* 38 AD2d 976). While the People must prove that possession of a weapon in the third degree took place outside defendant's home or place of business, the social club herein does not meet the definition of a place of business where money is exchanged for products or services and where there is public access *(see, People v Rodriguez,* 68 NY2d 674).

Defendant's remaining arguments are unpreserved as a matter of law, and we decline to reach them (CPL 470.05 [2]). Were we to reach the merits, we would find no error, first, because the court need not marshal or refer to the evidence to any greater extent than is necessary to render the charge intelligible *(People v Culhane,* 45 NY2d 757, 758, *cert denied* 439 US 1047). Second, the charge did not unfairly emphasize the People's view of the evidence nor provide the jury with an insight into the court's personal view of guilt or innocence. In examining the charge as a whole, the court properly charged the jury on reasonable doubt and conveyed the appropriate burden of proof *(People v Goodfriend,* 64 NY2d 695). In any event, in light of the overwhelming proof of guilt, any error must be considered harmless. Concur—Murphy, P. J., Carro, Kupferman, Asch and Rubin, JJ.