■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK MANISCALCO, Appellant. [603 NYS2d 890] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered January 4, 1993, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings pursuant to CPL 460.50 (5).

The defendant was indicted and convicted under Penal Law § 265.02 (4), which provides that a person is guilty of criminal possession of a weapon in the third degree when he knowingly possesses any loaded firearm, except where the possession takes place in the home or business. The defendant's gun was retrieved by the police from the storage console of his locked car, which was parked on the unfenced driveway of his residence, several feet from the garage door. The driveway was accessible to pedestrian traffic, as the public sidewalk crossed over a portion of the driveway. At trial, the Supreme Court charged the jury that if they found that the defendant did possess the weapon, then as a matter of law the possession did not take place in the home or place of business. We find the defendant's contention that this charge was incorrect because it removed from the jury's consideration a material element of the crime to be without merit.

The court specifically and correctly charged the jury to make the factual determination of whether the defendant possessed the firearm. However, whether the possession took place in the home or place of business was a question of law for the court. Penal Law § 265.02 (4) codifies New York's conflicting public policy concerns which reflect the constitu-

tional right of citizens to bear arms to defend their persons and homes, and the State's strong policy to severely restrict possession of any firearm *(see, People v Powell,* 54 NY2d 524). However, the statute fails to provide a clear definition of "home" or "place of business". The considerations of public policy seem to warrant the inclusion in the definition of a very limited area around the house. If the purpose of having the firearm is to protect family and home, then the firearm should be readily accessible, in the immediate vicinity of the home.

Here, the defendant's vehicle was parked on an unfenced driveway which was readily accessible to public pedestrian traffic. The firearm was found in the storage console of the locked car, thus it was not immediately accessible to the defendant for purposes of protecting his person or property. Furthermore, there is no evidence that the weapon was ever stored in the house, or that the defendant intended to use it to protect his home and family. Under the circumstances, the defendant's possession cannot be included in the exception provided by Penal Law § 265.02 (4) to reduce the charge from a felony to a misdemeanor *(see, People v Francis,* 45 AD2d 431, *affd* 38 NY2d 150).

The defendant's remaining contentions are either unpreserved for appellate review or without merit *(see,* CPL 470.05 [2]; *see also, People v Stahl,* 53 NY2d 1048; *People v Udzinski,* 146 AD2d 245; *People v Castaneda,* 192 AD2d 475). Mangano, P. J., Balletta, Copertino and Joy, JJ., concur.