■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH COUNCIL, Appellant. [654 NYS2d 577] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Steinhardt, J.), rendered May 30, 1995, convicting him of assault in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California*, 386 US 738; *People v Paige*, 54 AD2d 631; *cf., People v Gonzalez*, 47 NY2d 606). Mangano, P. J., Rosenblatt, Copertino and Krausman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRACY CREWS, Appellant. [653 NYS2d 370] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Lefkowitz, J.), rendered August 25, 1994, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was properly convicted of criminal possession of a weapon in the third degree. There was ample evidence establishing—and no evidence to the contrary—that the defendant's gun was in his girlfriend's car just prior to the arrival of police and that he then secreted it in his house immediately after the police arrived. Accordingly, there is no proper basis upon which to apply the clause of Penal Law § 265.02 (4) which provides that possession of a loaded firearm in one's home shall not constitute a violation of the statute (*see, People v Maniscalco*, 198 AD2d 378). We have considered the defendant's remaining contention and find it to be without merit. Rosenblatt, J. P., Ritter, Friedmann and Florio, JJ., concur.