■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GARVIN BUCKMIRE, Respondent. [655 NYS2d 9] —Order, Supreme Court, New York County (Carol Berkman, J.), entered December 14, 1995, which granted defendant's motion to dismiss the indictment to the extent of reducing the count of criminal possession of a weapon in the third degree to criminal possession of a weapon in the fourth degree, unanimously reversed, on the law, and the third degree weapon possession count reinstated.

The People established a prima facie case of criminal possession of a weapon in the third degree. The elevator in the office building where defendant, a stockbroker, worked and where he left his loaded and operable firearm cannot be considered his "place of business" within the plain and ordinary meaning of that term.

The "place of business" and "home" exceptions included in Penal Law § 265.02 (4) have not been statutorily defined, but both have been construed narrowly by the courts in an effort to balance "the State's strong policy to severely restrict possession of any firearm" (*People v Maniscalco*, 198 AD2d 378, 379 [citing *People v Powell*, 54 NY2d 524], *lv denied* 82 NY2d 927), with its policy to treat with leniency persons attempting to protect certain areas in which they have a possessory interest and to which members of the public have limited access (*see, e.g., People v Maniscalco, supra* [car parked in driveway not within "home" exception]; *People v Powell, supra* [common hallway outside a group residence not within "home" exception]; *People v Cross*, 174 AD2d 313 [social club held not to be a "place of business"], *lv denied* 78 NY2d 964). In circumstances such as these, which include defendant's admissions that his

possession of the firearm was for personal reasons unrelated to his employment and that he had no legitimate reason to bring the firearm to his workplace and where the offense occurred in an elevator accessible to large numbers of people, the courts have declined to apply the "place of business" exception (*People v Fearon*, 58 AD2d 1041 [employee not entitled to the exception where he used firearm at workplace to settle a personal vendetta], *cert denied* 434 US 1036; *People v Francis*, 45 AD2d 431 [postal worker not entitled to the exception where he possessed firearm at workplace for reasons unrelated to his duties], *affd* 38 NY2d 150; *People v Rondon*, 109 Misc 2d 394 [possession at a not-for-profit social club by manager-director of the club held not within the exception]). Concur—Sullivan, J. P., Rosenberger, Ellerin and Williams, JJ. *(See,* 167 Misc 2d 581.)