■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOSES TOLBERT, Appellant. [680 NYS2d 96] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered April 4, 1996, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was indicted and convicted under Penal Law § 265.02 (4), which provides that a person is guilty of criminal possession of a weapon in the third degree when he or she knowingly possesses any loaded firearm, except where the possession takes place in the defendant's home or place of business. We do not agree with the defendant's contention that the evidence adduced at trial was legally or factually insufficient to support the verdict.

In *People v Maniscalco* (198 AD2d 378), this Court held that

a loaded firearm was not possessed by the defendant inside his home, within the meaning of Penal Law § 265.02 (4), where the weapon in question had been recovered from the storage console of the defendant's car, which, at the time, was parked in the unfenced driveway of the defendant's residence. The defendant's effort to distinguish *People v Maniscalco (supra)* on the basis that his driveway was fenced-in, rather than unfenced, is unpersuasive. The scope of the home exception provided for in Penal Law § 265.02 (4) has "been construed narrowly by the courts" (*People v Buckmire*, 237 AD2d 151; *see also, People v Powell*, 54 NY2d 524 [common hallway outside group residence not within the home exception]; *People v Crews*, 236 AD2d 419 [home exception inapplicable where defendant secreted weapon in his house after having possessed it in girlfriend's car]). Here, the defendant's possession of a loaded firearm occurred out-of-doors, and not in any sense inside his home. Bracken, J. P., Rosenblatt, Ritter and Florio, JJ., concur.