# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**98**
**KA 15-00176**
PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                     MEMORANDUM AND ORDER

AKEEM WALLACE, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (JACK J. NIEJADLIK OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered May 8, 2014. The judgment convicted defendant, after a nonjury trial, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of criminal possession of a weapon in the second degree, a class C felony (Penal Law § 265.03 [3]). The evidence established that defendant brought a loaded, operable, unlicensed handgun to work with him as a swing manager at McDonald's and that he accidentally shot himself in the leg while in the lobby area of the restaurant. Defendant argues that he should fall within the exception set forth in the subdivision, which provides that possession constitutes only a misdemeanor if it takes place in a person's "place of business" (*id.; see* 265.01 [1]).

Although defendant's motion for a trial order of dismissal was not specifically directed at the legal sufficiency of the evidence based upon the "place of business" exception, inasmuch as he unsuccessfully argued that issue before trial, defendant need not "repeat the argument in a trial motion to dismiss in order to preserve the point for appeal" (*People v Finch*, 23 NY3d 408, 410). Nevertheless, the contention is without merit (*see generally People v Bleakley*, 69 NY2d 490, 495). Although the "place of business" exception is not statutorily defined, it has been "construed narrowly by the courts in an effort to balance 'the State's strong policy to severely restrict possession of any firearm' . . . with its policy to treat with leniency persons attempting to protect certain areas in which they have a possessory interest and to which members of the

public have limited access" (*People v Buckmire*, 237 AD2d 151, 151, *lv denied* 90 NY2d 902; *see People v Francis*, 45 AD2d 431, 434, *affd on other grounds* 38 NY2d 150; *People v Fearon*, 58 AD2d 1041, 1041, *cert denied* 434 US 1036). Inasmuch as the evidence at trial established that defendant was prohibited from bringing a gun to work, we conclude that to permit defendant to be subjected only to a misdemeanor "would certainly controvert the meaning and intent of the statute" (*Fearon*, 58 AD2d at 1041).

All concur except LINDLEY, J., who dissents and votes to modify in accordance with the following memorandum: I respectfully dissent. Defendant was convicted of criminal possession of a weapon in the second degree under Penal Law § 265.03 (3), which makes it a class C felony to possess a loaded firearm. The statute provides an exception, however, for possession of a loaded firearm in one's "home or place of business" (*id.*). Here, defendant was charged with possessing a loaded firearm at a McDonald's restaurant in Buffalo where he was employed as a manager. I agree with defendant that he possessed the weapon at his "place of business" inasmuch as he undisputedly worked at the restaurant in question and, thus, that the evidence is legally insufficient to establish that he violated section 265.03 (3). I would therefore reduce defendant's conviction to criminal possession of a weapon in the fourth degree (§ 265.01 [1]), a class A misdemeanor.

As cited by the People, there are several decades-old Appellate Division decisions that narrowly construe the home or place of business exception to apply only to persons "attempting to protect certain areas in which they have a possessory interest and to which members of the public have limited access" (*People v Buckmire*, 237 AD2d 151, 151, *lv denied* 90 NY2d 902; *see People v Francis*, 45 AD2d 431, 434, *affd on other grounds* 38 NY2d 150; *People v Fearon*, 58 AD2d 1041, 1041, *cert denied* 434 US 1036). The Courts in those cases determined, in essence, that the Legislature could not possibly have meant that "place of business" literally means "place of business," and they therefore adopted a limited definition of that phrase, which is not defined in the statute. In my view, the statute is clear and unambiguous on its face, and there is thus no need to discern the Legislature's intent. In any event, if the Legislature had wanted to limit the places of business to which the exception of section 265.03 (3) applies, it could easily have done so.

Finally, although McDonald's employees may have been prohibited by their employer from bringing firearms to work, that would merely be grounds for terminating defendant's employment or otherwise disciplining him; it would not make his conduct illegal. The legality of an employee's conduct cannot and should not be determined by reference to an employee handbook.

Entered: February 10, 2017                    Frances E. Cafarell
                                              Clerk of the Court