People v Wallace (2018 NY Slip Op 03305)

People v Wallace

2018 NY Slip Op 03305 [31 NY3d 503]

May 8, 2018

Feinman, J.

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, September 5, 2018

[*1]

The People of the State of New York, Respondent,
v
Akeem Wallace, Appellant.

Argued March 28, 2018; decided May 8, 2018

People v Wallace, 147 AD3d 1494, affirmed.

{**31 NY3d at 505} OPINION OF THE COURT

Feinman, J.

The question presented on this appeal is whether the "place of business" exception to Penal Law § 265.03 (3) applies to an employee who possessed an unlicensed firearm at work. Defendant contends that "place of business" simply means one's place of employment, and therefore the exception applies. We read the exception to narrowly encompass a person's "place of business," when such person is a merchant, storekeeper, or principal operator of a like establishment.
I.
On June 9, 2013, defendant was working as a "swing manager"—a newer manager who has not been trained as an assistant manager—at a McDonald's restaurant in Buffalo, New York. At approximately 6:00 p.m., defendant was seated at a table in the lobby area of the restaurant, conversing with other employees and his cousin. When defendant stood up from the table to leave, a gun in the pocket of his pants fired, causing an injury to the lower part of his right leg. Defendant headed to the back of the restaurant, followed by his cousin, where he attempted to clean the blood off his leg. When another [*2]employee called 911, defendant ordered her to hang up; defendant then handed the gun to his cousin, who left through the back door of the establishment.
Police, responding to a "shots fired" call, proceeded to the scene, but were initially told by customers and employees that no shooting had occurred. After leaving, police received a dispatch that an individual with a gunshot wound had been admitted to a hospital a few blocks from the McDonald's. One officer then returned to the restaurant and requestioned an employee, who admitted that defendant had shot himself in the leg. Around this time, another officer proceeded to the hospital, where he found defendant, still in his McDonald's uniform, being treated for a gunshot wound to his lower right leg. Defendant explained to the officer that he had been shot by an unknown individual at a nearby bus shelter. After the officer's investigation at that location revealed no evidence of a shooting, the officer returned to the McDonald's and discovered blood droplets, a shell casing, and bloody towels in the back of the establishment. The police then arrested defendant and charged him with criminal possession of a weapon in the second degree in violation of Penal Law § 265.03, a class C violent felony.
{**31 NY3d at 506}In a pretrial omnibus motion, defendant moved to inspect the grand jury minutes and dismiss the indictment "or [to] reduce the charges to a misdemeanor," arguing that because he possessed the firearm at his workplace, the "place of business" exception to Penal Law § 265.03 (3) applies. Supreme Court denied defendant's motion. Defendant waived his right to a jury trial, and was convicted after a bench trial.
The Appellate Division affirmed the judgment of conviction, holding that
"[a]lthough the 'place of business' exception is not statutorily defined, it has been construed narrowly by the courts in an effort to balance the State's strong policy to severely restrict possession of any firearm . . . with its policy to treat with leniency persons attempting to protect certain areas in which they have a possessory interest and to which members of the public have limited access" (People v Wallace, 147 AD3d 1494, 1494 [4th Dept 2017] [internal quotation marks and citations omitted]).
The dissenter opined that because defendant possessed the weapon at his "place of business," the evidence was legally insufficient to establish that defendant violated Penal Law § 265.03 (3) (id. at 1495). The dissent reasoned that "the statute [was] clear and unambiguous on its face . . . [and] if the legislature had wanted to limit the places of business to which the exception of section 265.03 (3) applies, it could easily have done so" (id.). The dissenting Justice granted defendant leave to appeal to this Court (2017 NY Slip Op 97796[U] [2017]).
II.
Penal Law § 265.03 (3) provides that "[a] person is guilty of criminal possession of a weapon in the second degree when . . . such person possesses any loaded firearm." "Such possession shall not, except as provided in subdivision one or seven of section 265.02 of this article, constitute a violation of this subdivision if such possession takes place in such person's home or place of business" (Penal Law § 265.03 [3] [emphasis added]). Recognizing that "possession of a loaded firearm to protect the persons or property in one's home or place of business is less reprehensible than possession for other purposes" (People v Powell, 54 NY2d 524, 526 [1981] [citations omitted]), the legislature has classified such possession as a misdemeanor and possession outside the home or place of business as a{**31 NY3d at 507} felony. Thus, possession of an unlicensed firearm under the exception does not render criminal conduct legal, but only serves to reduce the level of offense.
Defendant argues that the "place of business" exception encompasses any place where a person earns their livelihood. The People contend that the use of the possessive pronoun implies ownership over the "place of business." As "place of business" is undefined within the Penal Law (see Penal Law § 265.00), this Court must interpret its meaning within the exception.
"When presented with a question of statutory interpretation, our primary consideration is to ascertain and give effect to the intention of the Legislature" (Yatauro v Mangano, 17 NY3d 420, 426 [2011] [internal quotation marks and citations omitted]). "Generally, inquiry must be made of the spirit and [*3]purpose of the legislation, which requires examination of the statutory context of the provision as well as its legislative history" (Matter of Sutka v Conners, 73 NY2d 395, 403 [1989]; see Ferres v City of New Rochelle, 68 NY2d 446, 451 [1986]). In "construing provisions . . . qualified by an exception, we usually read the exception narrowly in order to preserve the primary operation of the provision" (Commissioner v Clark, 489 US 726, 739 [1989]; see generally Gregory v Ashcroft, 501 US 452 [1991]; People v Rivera, 25 NY3d 256, 263 [2015]), with a mind towards results that do not lead to unreasonableness or absurdity (see People v Pabon, 28 NY3d 147, 156 [2016]; People v Garson, 6 NY3d 604, 614 [2006]; see also People v Ryan, 274 NY 149, 152 [1937]; People ex rel. Wood v Lacombe, 99 NY 43 [1885]; McKinney's Cons Laws of NY, Book 1, Statutes §§ 95, 97, 143, 145).
Understanding that "[t]he intention of the Legislature [may] first . . . be sought from . . . all the statutes relating to the same general subject-matter" (McKinney's Cons Laws of NY, Book 1, Statutes § 92 [b], Comment [emphasis added]; see Betz v Horr, 276 NY 83 [1937]), it is notable that the subject of firearm possession, along with the "place of business" language, is not exclusive to section 265.03, but can also be found in its counterpart, Penal Law § 400.00—the licensing statute. Under Penal Law § 400.00, subject to qualifications, "[a] license for a pistol or revolver . . . shall be issued to . . . have and possess in [one's] place of business by a merchant or storekeeper" (Penal Law § 400.00 [2] [b] [emphasis added]). As
"[o]ne part of an act of the legislature may be{**31 NY3d at 508} referred to in aid of the interpretation of other parts of the same act[,] . . . in [the] case of doubt or uncertainty, acts in pari materia . . . may be referred to in order to discern the intent of the legislature in the use of particular terms" (Smith v People, 47 NY 330, 339 [1872] [emphasis added]; see also McKinney's Cons Laws of NY, Book 1, Statutes § 221 [b]).
"These principles of statutory construction assume particular significance where . . . the Legislature has spoken to an issue simultaneously in separate laws . . . and has repeatedly adopted and amended pertinent provisions piecemeal throughout decades" (Sutka v Conners, 73 NY2d at 403-404 [emphasis added]; Seligman v Friedlander, 199 NY 373, 376 [1910]; Morgan v Hedstrom, 164 NY 224 [1900]).
III.
Penal Law §§ 265.03 and 400.00 trace their origins to the same ancestor statute, Penal Law § 1897, as amended in 1909 (L 1909, ch 88). In 1913, the "merchant or storekeeper" and "place of business" language that is substantially recognizable in today's licensing statute was first introduced through an amendment to section 1897 (L 1913, ch 608, § 1). Exactly 50 years later, in 1963, the Penal Law received a major overhaul, "introduced on behalf of the Joint Legislative Committee on Firearms and Ammunition" (the Committee), in an effort to standardize its provisions (L 1963, ch 136, § 1 n *). That year, the licensing language was completely moved to Penal Law § 1903 (L 1963, ch 136, § 8; see 1963 McKinney's Session Laws of NY at 155). In 1964, subdivision (2) of section 1897, criminalizing possession of a loaded firearm, implemented the "place of business" exception language now found in Penal Law § 265.03 (3) (L 1964, ch 521, § 1; see 1964 McKinney's Session Laws of NY Penal Law at 791).
Prior to the 1963 and 1964 amendments, the Committee generated two reports discussing the purpose and intent of such legislation. As the Committee made clear in its 1962 report, the new act was created specifically to standardize this State's "scattered," "inconsistent or flatly contradictory" provisions on licensing and criminal use of weapons (1962 NY Legis Doc No. 29 at 16-18). In 1964, the year the "place of business" exception was first introduced, the Committee substantively reviewed the new statute "with special emphasis on stricter {**31 NY3d at 509}control of guns" (1964 NY Legis Doc No. 12 at 7 [emphasis added]). The Committee focused on New York's prohibition on carrying firearms in public places (id. at 10-12), while highlighting this State's strict licensing scheme—requiring a license to possess a firearm in "one's place of business" to protect "person or property" (id. at 12, 14-15 [emphasis added]).
The Committee's use of the possessive pronoun to reference "place of business" (as used in Penal Law § 400.00 [2] [b]), akin to the construction employed by Penal Law § 265.03 (3) ("such person's . . . place of business" [emphasis added]), demonstrates that, consistent with the legislative effort to standardize this act, "place of business" was meant to be a uniform phrase in these sections of the Penal Law (see Matter of Dutchess County Dept. of Social Servs. v Day, 96 NY2d 149, 153 [2001] ["(c)ourts must harmonize the various [*4]provisions of related statutes and . . . construe them in a way that renders them internally compatible" (internal quotation marks and citation omitted)]; Yatauro v Mangano, 17 NY3d at 427). As "words, absolute of themselves, and language the most broad and comprehensive, may be qualified and restricted by reference to other parts of the same [act] in which they are used" (see Smith v People, 47 NY at 337), the antecedent licensing language from section 1897, containing the merchant or storekeeper designation, cannot be dismissed as superfluous. Therefore, construing Penal Law §§ 265.03 and 400.00 together, the "merchant or storekeeper" qualifier for the "place of business" phrase in the licensing statute, must be equally applied to the exception in Penal Law § 265.03 (3) (see Matter of Plato's Cave Corp. v State Liq. Auth., 68 NY2d 791, 793 [1986] ["statutes which relate to the same or to cognate subjects are in pari materia and to be construed together"]; Matter of Seaman, 78 NY2d 451, 458 [1991]; McKinney's Cons Laws of NY, Book 1, Statutes §§ 192, 221, 222, 223).
Still, over a century has passed since the merchant or storekeeper terminology was first introduced to the statute (L 1913, ch 608, § 1) and the modern reader may not interpret this language as intended by the legislature. Because dictionary definitions serve as "useful guideposts" in determining a word's " 'ordinary' and 'commonly understood' meaning" (People v Ocasio, 28 NY3d 178, 181 [2016]), we use the ordinary dictionary definitions of merchant and storekeeper, as "the operator of a retail business" (Merriam-Webster's Collegiate Dictionary 776 [11th ed 2004]) or "one that operates a retail store" (Merriam-{**31 NY3d at 510}Webster's Collegiate Dictionary 1230 [11th ed 2004]) to interpret the exception. Consequently, for purposes of Penal Law § 265.03 (3), the exception encompasses a person's "place of business," when such person is a merchant, storekeeper, or principal operator of a like establishment.
This interpretation is decidedly narrow. The exception applies to those individuals that would qualify for a license to possess a firearm at their "place of business" under Penal Law § 400.00, reducing the level of offense for a mere technical violation. It does not, as defendant suggests, extend to every employee who chooses to carry a weapon to and from work, engaging in felonious behavior and endangering the public on their daily commute. Such a construction would swallow the rule and be in contravention of New York's legislative scheme of strict gun control. Rather, our interpretation gives the benefit of the exception to the individuals contemplated by the legislature: the merchant, storekeeper, or principal operator of a business—those persons who have a greater interest in protection of their premises, principal control over said premises, and a strong tie to the continued safety and security of their establishment and the goods and services they offer.[FN*]
Although defendant was a "swing" manager, he was not the principal operator of the McDonald's when he possessed the loaded firearm in the establishment. Thus, the "place of business" exception to Penal Law § 265.03 (3) is inapplicable. Accordingly, the order of the Appellate Division should be affirmed.

Stein, J. (concurring in result). I agree with the majority's conclusion that Penal Law § 265.03 (3) should be construed together with Penal Law § 400.00. I also agree that the exemption in Penal Law § 265.03 (3) for possession of a loaded firearm in one's home or place of business should be read "narrowly [to] encompass a person's 'place of business,' when such person is a merchant, storekeeper, or principal operator of a like establishment " (majority op at 
505). However, because the majority fails to specifically analyze the statutory language of{**31 NY3d at 511} Penal Law § 265.03 (3), itself, and gives little guidance as to the meaning of "merchant, storekeeper, or principal operator" in this context (majority op at 
505), I write separately to set forth my interpretation of section 265.03 (3) and my understanding of the legislative intent behind the statute.
Penal Law § 265.03 (3) provides, as relevant here, that it is a felony offense to possess a loaded firearm unless "such possession takes place in such person's home or place of business." This exemption does not legalize the unlicensed possession of a loaded firearm in one's home or place of business, but it may mitigate the severity of the offense. Focusing on the statutory text that we are asked to interpret on this appeal, the plain language of Penal Law § 265.03 (3) strongly suggests that the legislature intended the home or place of business exemption to apply to a limited set of circumstances. That the legislature chose the phrase "place of business," rather than "place of employment" or "place of work" is meaningful (see People v Golo, 26 NY3d 358, 361 [2015]). Further, the use of a possessive pronoun, combined with the adoption of the place of business exemption in conjunction with an exemption for possession in one's "home"—an exception that is, itself, intended to allow for the defense of one's life and property in a place in which an individual has a significant proprietary or possessory interest—signals that the place of business exemption is intended to apply only where a person has a clear and substantial interest in the business beyond that of an employee.
Consistent with the statutory language, the Appellate Division Departments have generally interpreted the exemption "narrowly . . . in an effort to balance 'the State's strong policy to severely restrict possession of any firearm,' with its policy to treat with leniency persons attempting to protect certain areas in which they have a possessory interest and to which members of the public have limited access" (People v Buckmire, 237 AD2d 151, 151 [1st Dept 1997] [citations omitted], lv denied 90 NY2d 902 [1997], quoting People v Maniscalco, 198 AD2d 378, 378-379 [2d Dept 1993], lv denied 82 NY2d 927 [1994]; see also People v Khudadzade, 156 AD2d 384, 384-385 [2d Dept 1989], lv denied 75 NY2d 814 [1990]; People v Fearon, 58 AD2d 1041, 1041 [4th Dept 1977], cert denied 434 US 1036 [1978]). Courts have explained that "the statute is designed to limit the use of guns, ever mindful of the fact that 'concealed weapons present an immediate and real danger to the public' " (People v Francis, 45 AD2d 431, 435 [2d Dept 1974], affd on other grounds 38{**31 NY3d at 512} NY2d 150 [1975], quoting People v Moore, 32 NY2d 67, 72 [1973]). Accordingly, courts have reasoned that the legislature did not intend to "condone the act of countless numbers of employees of large corporations and governmental agencies in carrying illegal, concealed, operable guns at their places of employment, subject only to a charge of a misdemeanor rather than a felony" (Francis, 45 AD2d at 435). In other words, "[t]o permit large numbers of persons to be subjected only to a misdemeanor for the illegal [*5]carrying of weapons would certainly controvert the meaning and intent of the statute" (Fearon, 58 AD2d at 1041). Thus, the "place of business" exception has been held to be inapplicable where an employee has no possessory or proprietary interest in the business where that person happens to work (see Buckmire, 237 AD2d at 152; People v Cross, 174 AD2d 313, 314 [1st Dept 1991], lv denied 78 NY2d 964 [1991]).
In my view, this interpretation is consistent with the rule adopted by the majority today insofar as, in most instances, only an individual who has a substantial possessory, proprietary, or equally significant interest in the business, itself, will qualify as a "merchant, storekeeper, or principal operator of a like establishment" (majority op at 
505) with respect to such individual's "place of business" (Penal Law §§ 265.03 [3]; 400.00 [2] [b]). I disagree with the majority's unsupported conjecture that this reading of the Penal Law § 265.03 (3)—which largely excludes individuals who control the day-to-day operations of a business, but lack a proprietary or possessory ownership—is "incongruous" with the licensing statute (majority op at 
510 n). The provision of the licensing statute addressed by the majority authorizes the issuance of a license to an individual to "have and possess in his [or her] place of business by a merchant or storekeeper"—i.e., a proprietor (Penal Law § 400.00 [2] [b] [emphasis added]).[FN1] However, other provisions of the licensing statute separately authorize the issuance of a firearm license to "have and carry concealed" to individuals who are "so employed" in specific professions (Penal Law § 400.00 [2] [c], [e] [emphasis added]). Thus, the plain language of the licensing statute differentiates between merchants and storekeepers{**31 NY3d at 513} who have their own place of business—i.e., a possessory or proprietary interest in the establishment—and individuals who are "employed" by others (id.).
It is true that both a proprietor and a casual employee may face danger in the location where they are employed. However, the legislature's choice of the phrase "place of business" draws a rational distinction between the interests that each may seek to protect based on their relation to the enterprise. Indeed, a number of states have held that firearm prohibitions exempting possession in one's dwelling or "place of business"—as commonly understood—do not exempt the carrying of firearms by all employees but, rather, apply only where the possessor of the firearm has a proprietary, possessory, or controlling interest in the business establishment (see State v Perry, 165 Or App 342, 351, 996 P2d 995, 1001 [2000], affd 336 Or 49, 77 P3d 313 [2003]; State v Vickers, 260 Conn 219, 224, 796 A2d 502, 506 [2002]; Commonwealth v Carr, 334 Pa Super 459, 461, 483 A2d 542, 543 [1984]; Berkley v United States, 370 A2d 1331, 1333 [DC 1977]; State v Valentine, 124 NJ Super 425, 427, 307 A2d 617, 619 [1973]; People v Clark, 21 Mich App 712, 716, 176 NW2d 427, 430 [1970]). I would adopt the same approach based on the plain language of Penal Law § 265.03 (3) and the legislative intent to severely restrict the number of people permitted to carry firearms from place to place and to possess them at their place of work.
In sum, as the majority concludes, an establishment constitutes one's "place of business" only where the individual is a "merchant, storekeeper, or principal operator of a like establishment" (majority op at 
505). However, in my view, this will ordinarily be the person or persons who have the greatest [*6]proprietary or possessory interest in the business in question.[FN2] Viewed in this light, it is unlikely that employees or managers of retail establishments, without more, would ever fall within the exemption.
Chief Judge DiFiore and Judges Rivera, Fahey, Garcia and Wilson concur; Judge Stein concurs in result in an opinion.
Order affirmed.

 
Footnotes

Footnote *:We do not interpret the exception as narrowly as the concurrence. As recognized by the concurrence (concurring op at 
511-513), the individuals that control the day-to-day operations of a business are not always the ones that have the greatest ownership interest, or any ownership interest, in the business itself. Excluding such individuals under the exception is incongruous with our understanding that they may be covered under the licensing statute.

Footnote 1:To be sure, the dictionary definitions of "merchant" and "storekeeper" provide some support for the majority's interpretation insofar as those definitions do not unambiguously limit such terms to those with possessory or proprietary interests. However, the majority's interpretation fails to ascribe any meaning to the language "his [or her] place of business" in the licensing statute and in Penal Law § 265.03 (3).

Footnote 2:Notably, in order to qualify for the exemption, it would be insufficient that an individual merely have a possessory or proprietary interest in an office, locker, desk, or the like located in the premises, as the statute plainly requires that the individual possessing a weapon have such an interest in the "place of business" itself (Penal Law § 265.03 [3]).