People v Burman (2019 NY Slip Op 04820)





People v Burman


2019 NY Slip Op 04820


Decided on June 14, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.


155 KA 18-00007

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHAD R. BURMAN, DEFENDANT-APPELLANT. 






BRUCE R. BRYAN, SYRACUSE, FOR DEFENDANT-APPELLANT. 
GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oswego County Court (Spencer J. Ludington, A.J.), rendered December 14, 2017. The judgment convicted defendant, upon a jury verdict, of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law
§ 120.05 [12]). The conviction arises out of a physical altercation that occurred when defendant and his friend encountered the victim in the parking lot of a tavern shortly after the victim interacted with the friend's girlfriend at the bar. At the time of the altercation, defendant was 31 years old and the victim was 69 years old. Defendant contends that County Court erred in determining that Penal Law § 120.05 (12) did not require the People to prove that he knew that the victim was 65 years of age or older. We reject that contention.
It is fundamental that, "[w]hen presented with a question of statutory interpretation, [a court's] primary consideration is to ascertain and give effect to the intention of the Legislature" (People v Andujar, 30 NY3d 160, 166 [2017] [internal quotation marks omitted]; see People v Roberts, 31 NY3d 406, 418 [2018]). " As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof' " (People v Golo, 26 NY3d 358, 361 [2015]; see Roberts, 31 NY3d at 418). "The Legislature has instructed [the courts] that[,] in interpreting the Penal Law, the provisions must be read according to the fair import of their terms to promote justice and effect the objects of the law' " (People v Hedgeman, 70 NY2d 533, 537 [1987], quoting Penal Law § 5.00; see Roberts, 31 NY3d at 418). "As with other statutory provisions, those contained in the Penal Law are generally to be construed so as to give effect to their most natural and obvious meaning . . . This is particularly important where the definition of a crime is at issue, because courts must be scrupulous in insuring that penal responsibility is not extended beyond the fair scope of the statutory mandate' " (Hedgeman, 70 NY2d at 537; see Roberts, 31 NY3d at 418). "Nevertheless, in construing a statute[,] courts should consider the mischief sought to be remedied by the new legislation, and they should construe the act in question so as to suppress the evil and advance the remedy' " (Roberts, 31 NY3d at 418-419, quoting McKinney's Cons Laws of NY, Book 1, Statutes § 95). Thus, in general, " inquiry must be made of the spirit and purpose of the legislation, which requires examination of the statutory context of the provision as well as its legislative history' " (People v Wallace, 31 NY3d 503, 507 [2018]). Indeed, the Court of Appeals has explained that, "[w]hile the words of the statute are the best evidence of the Legislature's intent,' legislative history may also be relevant as an aid to construction of the meaning of words" (Andujar, 30 NY3d at 166; People v Garson, 6 NY3d 604, 611 [2006]) and " is not to be ignored, even if words be clear' " (Riley v County of Broome, 95 NY2d 455, 463 [2000]; see People v Litto, 33 AD3d 625, 627-628 [2d Dept 2006], affd 8 NY3d 692 [2007]).
Here, starting with the statutory text, Penal Law § 120.05 (12) provides that a person is guilty of assault in the second degree when, "[w]ith intent to cause physical injury to a person who is [65] years of age or older, he or she causes such injury to such person, and the actor is more than [10] years younger than such person." Defendant contends that a plain reading of the statute establishes that the culpable mental state, i.e., "intent," applies to both the physical injury and age elements in the first clause because there are no commas in that clause; consequently, he asserts, the People must prove that the actor "knew" that the injured person was 65 years of age or older. Defendant's contention conflates the culpable mental states for acts done "intentionally" (§ 15.05 [1]) and those done "knowingly" (§ 15.05 [2]). If the Legislature had sought to apply a mens rea to the age element of Penal Law § 120.05 (12), as advocated by defendant, it would have provided by direct expression and proper placement that the actor must intentionally cause physical injury to a person knowing, i.e., being aware (§ 15.05 [2]), that such person is 65 years of age or older (see People v Mitchell, 77 NY2d 624, 627 [1991]). Contrary to defendant's contention, however, nothing in the statutory text requires that the actor know the age of the injured person; rather, by providing that the defendant must act "[w]ith intent to cause physical injury to a person who is [65] years of age or older" and must cause "such injury to such person," the statute simply requires that the person whom the actor intentionally injures be, as a matter of fact, 65 years of age or older (§ 120.05 [12] [emphasis added]). That reading is consistent with the pattern Criminal Jury Instructions, which provide that the People must prove beyond a reasonable doubt that, with respect to the age element, the injured person was 65 years of age or older at the time of the crime (see CJI2d[NY] Penal Law § 120.05 [12]).
Defendant nonetheless asserts that a culpable mental state must apply to the age element of the statute because the Penal Law provides that "[a] statute defining a crime, unless clearly indicating a legislative intent to impose strict liability, should be construed as defining a crime of mental culpability" (§ 15.15 [2]) and, further, that "[w]hen one and only one [culpable mental state] appears in a statute defining an offense, it is presumed to apply to every element of the offense unless an intent to limit its application clearly appears" (§ 15.15 [1]; see § 15.10). Defendant's assertion lacks merit.
It is well established that, "[i]n the absence of a clear legislative intent to impose strict criminal liability, such construction should not be adopted" (People v Coe, 71 NY2d 852, 855 [1988]; see Penal Law § 15.15 [2]; see also § 15.15 [1]). "In determining whether the Legislature has expressed a clear intent to create a crime [or material element thereof] without fault, relevant considerations include the provisions of the enactment viewed as a whole and the legislative history . . . , as well as factors such as the severity of the penalty and the public harm being protected against" (People v Haddock, 48 AD3d 969, 970 [3d Dept 2008], lv dismissed 12 NY3d 854 [2009]; see People v Nogueros, 42 NY2d 956, 956-957 [1977]; People v Wood, 58 AD3d 242, 246-247 [1st Dept 2008], lv denied 12 NY3d 823 [2009]).
Here, the legislative history of Penal Law § 120.05 (12) clearly establishes that no mens rea applies to the age element. The sponsor's memorandum specifically states that "[t]he crime is established based on the actual age of the victim; there is no requirement that the prosecutor prove the defendant knew or had reason to know the victim's age" (Sponsor's Mem, Bill Jacket, L 2008, ch 68). That was also the understanding of organizations such as the District Attorneys Association of the State of New York, which endorsed the legislation and noted that it was consistent with several existing age-based crimes, including statutory rape offenses and other existing provisions of assault in the second degree (see Letter from Dist. Attorneys Assn. of the State of N.Y., May 1, 2008, Bill Jacket,
L 2008, ch 68).
In addition, the legislative history indicates that the purpose of enacting Penal Law § 120.05 (12) was to elevate the crime of intentionally causing physical injury to a person 65 years of age or older by a defendant more than 10 years younger from a class A misdemeanor to a class D violent felony, thereby increasing the possible terms of imprisonment for such a defendant (see Sponsor's Mem, Bill Jacket, L 2008, ch 68). In our view, the fact that "the Legislature declined to attach any culpable mental state to this aggravating circumstance is not unusual. The Penal Law is replete with offenses which contain aggravating factors which elevate the degree of criminal responsibility without coupling a requirement of proof of a culpable mental state" (Mitchell, 77 NY2d at 627). The sponsor's memorandum, noting that "seniors are generally more vulnerable to injury and less able to protect themselves than younger persons," [*2]states that the legislation was intended to "address[ ] predatory attacks by persons who target seniors" (Sponsor's Mem, Bill Jacket, L 2008, ch 68). Contrary to defendant's contention, the terms "predatory" and "target" do not imply that a younger defendant must know that the victim's actual age is 65 years or older in order to fulfill the purpose of the statute. Instead, the Legislature intended to deter and punish more severely those who might intentionally inflict physical injury upon older persons and it defined such older persons as those who are 65 years of age or more in light of its recognition that persons of that age are generally more vulnerable and less able to protect themselves against younger defendants (see Sponsor's Mem, Bill Jacket, L 2008, ch 68).
Based on the foregoing, upon inquiring into the spirit and purpose of the legislation, including examination of its legislative history (see Wallace, 31 NY3d at 507), and upon interpreting the legislation " so as to suppress the evil and advance the remedy' " (Roberts, 31 NY3d at 419), we conclude that the court properly determined that Penal Law § 120.05 (12) did not require the People to prove that defendant knew that the victim was 65 years of age or older.
Contrary to defendant's further contention, we conclude that "[t]he People disproved defendant's justification defense beyond a reasonable doubt by presenting evidence that the actions of defendant and [the friend] in repeatedly [punching and] kicking the victim in the head and face were not justified by the victim's use or threatened use of physical force" (People v Moreno, 31 AD3d 1214, 1214 [4th Dept 2006], lv denied 7 NY3d 869 [2006]). In addition, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), including the charge on the defense of justification, we reject defendant's contention that the verdict is against the weight of the evidence (see People v Acevedo, 136 AD3d 1357, 1357 [4th Dept 2016], lv denied 27 NY3d 1127 [2016]; People v Collen, 111 AD3d 1416, 1416 [4th Dept 2013], lv denied 22 NY3d 1197 [2014]; Moreno, 31 AD3d at 1214; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). We note that "[t]he jury was in the best position to assess the credibility of the witnesses and, on this record, it cannot be said that the jury failed to give the evidence the weight it should be accorded" (People v Kaba, 166 AD3d 1566, 1567 [4th Dept 2018], lv denied 32 NY3d 1206 [2019] [internal quotation marks omitted]; Collen, 111 AD3d at 1416).
Entered: June 14, 2019
Mark W. Bennett
Clerk of the Court