People v Anderson (2025 NY Slip Op 01531)

People v Anderson

2025 NY Slip Op 01531

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

798 KA 21-00624

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TIMOTHY M. ANDERSON, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered April 15, 2021. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). The conviction arises from defendant's possession of a handgun on the premises of a gas station convenience store.
Defendant contends that his conviction is not supported by legally sufficient evidence because the People failed to establish that the gas station convenience store was not defendant's place of business. We reject that contention. "Where, as here, the defendant contends that [their] conviction is not supported by legally sufficient evidence, we review the evidence in a light most favorable to the People, and will not disturb [the] conviction as long as there exists 'any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial' " (People v Galindo, 23 NY3d 719, 724 [2014], quoting People v Bleakley, 69 NY2d 490, 495 [1987]; see People v Moorhead, 224 AD3d 1225, 1226 [4th Dept 2024], lv denied 41 NY3d 1003 [2024]). As relevant here, a person is guilty of criminal possession of a weapon in the second degree when that person knowingly possesses any loaded firearm and such possession did not take place in such person's home or place of business (see Penal Law § 265.03 [3]; CJI2d[NY] Penal Law § 265.03 [3]). "Although the place of business exception is not statutorily defined, it has been construed narrowly by the courts in an effort to balance the State's strong policy to severely restrict possession of any firearm . . . with its policy to treat with leniency persons attempting to protect certain areas in which they have a possessory interest and to which members of the public have limited access" (People v Wallace, 147 AD3d 1494, 1494 [4th Dept 2017], affd 31 NY3d 503 [2018] [internal quotation marks omitted]).
Here, inasmuch as the evidence at trial established that defendant possessed the weapon on a sidewalk adjacent to the gas station convenience store's parking lot, we conclude that, even assuming, arguendo, that the gas station convenience store was defendant's place of business, the evidence of possession outside of the gas station convenience store was legally sufficient to support the conviction (see People v Hawkins, 110 AD3d 1242, 1242-1243 [3d Dept 2013], lv denied 22 NY3d 1041 [2013]; People v Laing, 66 AD3d 1353, 1354 [4th Dept 2009], lv denied 13 NY3d 908 [2009]; see also People v White, 75 AD3d 109, 120-122 [2d Dept 2010], lv denied 15 NY3d 758 [2010]). Contrary to defendant's further contention, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally [*2]Bleakley, 69 NY2d at 495).
Defendant further contends that Penal Law § 265.03 (3) is unconstitutional in light of the United States Supreme Court's decision in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]). Defendant failed to raise a constitutional challenge to the statute during the proceedings in Supreme Court, and therefore any such contention is unpreserved for our review (see People v Cabrera, 41 NY3d 35, 42-43 [2023]; People v Garcia, 41 NY3d 62, 66 [2023]; People v Williams, 228 AD3d 1314, 1316 [4th Dept 2024]). We decline to exercise our power to review defendant's constitutional challenge as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We reject defendant's contention that the sentence is unduly harsh and severe. We have considered defendant's remaining contention and conclude that it does not warrant reversal or modification of the judgment.
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court